## COMMONWEALTH *vs.* CALVIN A. HILL.

A member of the grand jury which found an indictment is a competent witness on the trial, to prove that a certain person did not testify before the grand jury.

It is no defence to an indictment for feloniously receiving goods alleged to have been stolen by some person to the grand jury unknown, and to have been the property of persons to the jury unknown, that the same grand jury have indicted a certain person for stealing the same goods, alleging them to be the property of certain persons named therein.

INDICTMENT found at the September term, 1852, for feloniously receiving goods alleged to have been stolen by a person unknown, and to be the property of a person unknown."

12*

At the trial in the municipal court, Silas McLellan testified for the commonwealth, that he stole the goods from Joseph H. White and Worthington S. Locke, and that at the August term, 1852, of the court, and at another time before the finding of this indictment, he testified before the same grand jury which presented this indictment, that he stole the goods, and that they belonged to said Joseph H. White and Worthington S. Locke, and that he sold them to the defendant.

Worthington S. Locke, also a witness for the commonwealth, testified that said McLellan stole a large number of goods consisting of silks and shawls, from him and Joseph H. White, and that said White was a witness against said McLellan, and testified before the same grand jury as to their loss, and against said McLellan. The list of witnesses returned and entered of record, as sworn before the grand jury in the July, August, and September terms, 1852, were put in evidence by the defendant; also five indictments found by the same grand jury, namely: one against said McLellan at the July term, and four against one Joseph Joslin, found September term, 1852.

The defendant objected to any testimony relative to the larceny of said McLellan, so known to the grand jury, and presented by them, of goods and property; also known to them of said White and Locke as irrelevant to this charge and indictment, and not included therein. Whereupon the attorney of the commonwealth called the foreman of the grand jury, who testified that McLellan was not a witness before the grand jury in September, when the indictment was found. The defendant objected to this testimony, but *Hoar*, J. admitted the grand juror to so testify.

One Howard, testified that he saw the defendant bring into his office one hundred and fifty yards of silk, at or about nine o'clock at night, one day in the spring previous, and that he testified before the grand jury in September. There was no evidence of any other larceny but said McLellan's, nor of any other goods being stolen, but those aforesaid, of said White and Locke.

The fact of the variance was argued by counsel to the jury.

And upon this point the presiding judge ruled, that if the transaction on which the government offered evidence, was not the one which the grand jury presented, or if the grand jury presented that the owner of stolen property and the thief were unknown, when either was in fact known to them, then the defendant must be acquitted, but if both were unknown to the grand jury at the time of finding the indictment, the fact that either has since been discovered, and appeared and testified on the trial, would not prevent a conviction. To these rulings, and the admission of said grand juror's testimony, the defendant excepted.

*S. D. Parker*, for the defendant.

*R. Choate*, (attorney-general,) for the commonwealth.

BIGELOW, J. The exceptions taken to the instructions given to the jury in the present case, have not been insisted on. The charge was certainly sufficiently favorable to the defendant.

The main point now urged in behalf of the defendant, relates to the competency of the foreman of the grand jury as a witness to prove the particular fact to which he was admitted to testify at the trial. To understand the precise objection made to this evidence, it is necessary to bear in mind the purpose for which it was offered. The defendant relied on a variance between the allegation in the indictment and the proof in this; the indictment alleged that the property which the defendant was charged with having received, was stolen " by a person unknown, and belonged to a person to the jurors unknown." Silas M'Lellan, the principal thief, being called as a witness by the commonwealth, testified that he stole the property named in the indictment, and that it belonged to White and Locke, and that he testified to these facts before the grand jury that found the present indictment. To control this evidence, and rebut the alleged variance, the government called the foreman of the grand jury, and put to him the single question, whether the said McLellan was a witness before the grand jury at the September term of the court, when this indictment was found, to which he answered in the negative. It is to the competency of this evidence, that the

defendant now urges his exception. The sole ground of objection is, that it is against public policy and the fundamental principles upon which the institution of the grand jury is based, to admit any member of that body to testify to any fact, which has transpired before them in the course of their investigations. But this is stating the rule much too broadly. The extent of the limitation upon the testimony of grand jurors, is best defined by the terms of their oath of office, by which " the commonwealth's counsel, their fellows, and their own, they are to keep secret." They cannot therefore be permitted to state, how any member of the jury voted or the opinion expressed by their fellows or themselves upon any question before them, nor to disclose the fact that an indictment for a felony has been found against any person, not in custody or under recognizance, nor to state in detail the evidence on which the indictment is founded. 1 Greenl. Ev. § 252; *Freeman* v. *Arkell,* 1 Car. & P. 135, 137; *Huidekoper* v. *Cotton,* 3 Watts, 56. To this extent the free, impartial, unbiased administration of justice requires that the proceedings before grand juries be kept secret. By no other means can perfect freedom of deliberation and opinion among jurors be effectually secured, and the ends of an energetic administration of criminal justice surely attained. But we are not aware that the sanction of secrecy has ever been extended beyond this; we know of no authority which carries the rule of exclusion further, and we can see no ground of policy or sound reason for its extension. This rule has been substantially recognized by the Rev. Sts. of this commonwealth, *c.* 136, §§ 12, 13, which would seem to be a significant indication of the extent to which public policy, upon which the rule mainly rests, requires it to be carried. It seems to us, therefore, that a member of a grand jury may testify to any fact, otherwise competent, which does not violate the restrictions above stated. In the present case the testimony of the foreman, that the principal thief was not a witness before the grand jury at the term of the court at which this indictment was found, was admissible and relevant to the inquiry before the traverse jury, and the exception to it cannot be sustained.

The only remaining objection urged by the defendant is, that the question of variance ought not to have been submitted to the jury, because the commonwealth was estopped as to the fact of knowledge, by the grand jury, of the name of the principal thief, and of the owner of the stolen property, alleged to have been received by the defendant, by reason of five other indictments for larceny found by them; one against said McLellan found at the previous July term, and four against one Joslin found at the same September term of the court; in all of which the owners of the goods stolen were named. No authorities were cited in support of this position, and it seems to us to be wholly untenable. The court could not judicially know that the larcenies set out in these five indictments were the same as those set forth in the present indictment, nor that the testimony before the grand jury was not so far changed, when the last indictment (the one against the present defendant) was found, as to render the allegations in it concerning the thief and the owners of the stolen property, at the time it was found, strictly true. The grand jury are certainly not concluded by their finding on one indictment from presenting the same criminal transaction under entirely different allegations. Any such rule as that for which the defendant contends, must necessarily presuppose that testimony is always the same and equally credible at all times. The authorities, however, are decisive on this point. A receiver of stolen goods, charged with receiving property stolen by a person to the jurors unknown, will not be acquitted, because the same grand jury have previously found a bill imputing the same larceny to a person distinctly named. *Rex* v. *Bush*, Russ. & Ry. 372. So too, it is familiar law that a person may be convicted upon an indictment for larceny, containing two counts, one charging the property as belonging to a person unknown, and the other charging it as the property of a person named, according as the evidence at the trial shall show the fact to be. *Exceptions overruled.*