# SUPREME COURT.

## THE PEOPLE agt. McCOY.

The *forcible examination* (under an order of the coroner) of a female prisoner by physicians, for the purpose of obtaining evidence that she had been pregnant and had been delivered of a child within two or three weeks previous, was in violation of the constitution, which declares that "no person shall be compelled, in any criminal case, to be a witness against himself."

*Chemung Oyer and Terminer, May,* 1873.

*Before* RANSOM BALCOM, *Justice of the Supreme Court;* ELISHA KNAPP *and* GEORGE W. HOUSE, *Justices of Sessions.*

THE prisoner was tried on an indictment charging her with being the mother of a bastard child, and of murdering it immediately after it was born.

Two questions were presented: 1. Was the prisoner delivered of a bastard child that was born alive? 2. Did she murder the child by throwing it into a privy as soon as it was born?

The child was found dead in the privy about two weeks after the prisoner was seen to come out of it, where she had been some little time, or a short time.

After the dead child was found an examination was made of it by physicians, who gave their opinions that it was born alive.

The prisoner was arrested, charged with the murder of the child, and imprisoned in the Chemung county jail. The coroner directed two physicians to go to the jail and examine the private parts and breasts of the prisoner, and determine whether she had recently been delivered of a child. She

denied having been pregnant, and objected to being examined by the physicians. But on being told if she did not submit to such examination force would be used to compel her to allow it, she made no resistance, and the physicians examined her private parts with a speculum, and also examined her breasts.

The district attorney offered to prove, by the physicians, that they were of the opinion, from their examination, that the prisoner had been delivered of a child within two or three weeks of the time they made their examination. But the court rejected the evidence on the ground that the prisoner did not voluntarily submit to the examination, and was forced to submit to it when she was imprisoned on the charge of murdering a bastard child immediately after it had been born alive.

Justice BALCOM, in announcing the decision of the court, said, in substance, that the forcible examination of the prisoner by the physicians for the purpose of obtaining evidence that she had been pregnant, and had been delivered of a child within two or three weeks previous to the time of such examination, was in violation of the spirit and meaning of the constitution, which declares that " no person shall be compelled in any criminal case to be a witness against himself." They might as well have sworn the prisoner, and compelled her, by threats, to testify that she had been pregnant and been delivered of the child, as to have compelled her, by threats, to allow them to look into her person, with the aid of a speculum, to ascertain whether she had been pregnant and been recently delivered of a child. That the proceedings differed from any he had any knowledge of. He asked, " has this court the right to compel the prisoner now to submit to an examination of her private parts and breasts, by physicians, and then have them testify that from such examination they are of the opinion she is not a virgin, and has had a child? It is not possible that this court has that right; and it is too

clear to admit of argument that evidence thus obtained would be inadmissible against the prisoner."

The prisoner was acquitted.

WALTER L. DAILY, *District Attorney, for the People.*

ROBERT STEPHENS & A. ROBERTSON, *for the prisoner.*