Sheldon, Ch. J.
The motion was opposed upon the grounds, that parol testimony could not be given to impeach the action of the grand jury ; that the indict *35 ment was a record, and imported absolute verity ; and that no member of the grand jury could be sworn to disclose their deliberations. These objections apply to a case where it is sought to impeach the record in some collateral proceeding; but this is a direct motion before the court in which the record remains, to have it set aside as void, or erroneous. The accused is protected by the bill of.rights, and cannot be held to answer for a capital, or otherwise infamous crime, unless on presentment or indictment of a grand jury; that grand jury must be a legal grand jury, and the vote of twelve at least, of the body, must’concur in the finding of a bill; otherwise, pne cannot be found.
When it is suggested to the, court that an irregularity or error .in the respect now urged had occurred, it is consistent with the .general superintending power and duty, of the court, that a proper inquiry should be instituted, in order that the evil or wrong may be arrested (Commonwealth v. Smith, 9 Mass. 110; Low’s Case, 4 Greenl. 439; People v. Strong, 1 Abb. Pr. N. S. 244).
Now, of what service would this inquiry be to the accused, or to public justice, unless grand jurors could be called upon and testify as to the vote—the concur^ rence, which is of so essential and xdtal importance ? The inference from the fact that the grand jury have found and presented an indictment is, that it was so found by the concurrence of at least twelve of the number of that body. It is no State secret, nor is it a part of their counsel, which each member has been sworn not to divulge. If it was, then they could never disclose the fact that an indictment had been found. How each one voted, or what each, one said during their deliberations, are matters that can never be disclosed, for upon . the inviolable secresy which the law has imposed as to these particulars, depends, in a great decree, the efficiency and independence and integrity *36 of the grand inquest. It is of necessity that some grand juror must be called upon to tes'tify as to whether a vote was taken, and the result; else the investigation as to those facts would be futile.
It is conceded that the foreman has truly stated as to the matters to which his attention was directed. It appears that the district-attorney was present, examining the witnesses, and laying the case before the jury, claiming that the evidence warranted the findings of a bill for murder. The question as to the degree of guilt was talked of, before the vote was taken. • The vote was taken and resulted in favor of finding a bill, and no suggestion was made that any future consideration was to be had of the case ; it was ended, except as to the presentation of the indictment. The district-attorney, the sworn officer of the people, thereupon prepares the formal bill, upon the understanding that the jury has found a bill for the offense he had claimed before that body was established. The foreman then examines and indorses it properly, and the whole body come into court and present the true bill for murder. Upon this state of facts, there can be but one conclusion.
The witness says that the jury did not vote specifically upon the question whether the bill should be for murder. What is meant by this is not apparent, or how they could have voted more specifically, it is difficult to imagine. It was the only offense charged by the public prosecutor, and nothing was said that any other vote should be taken except the one that was taken upon the question.
I think they voted knowingly and specifically for a bill charging the prisoner with the crime of willful murder, and their subsequent acts confirm that belief.
The motion to quash the indictment must be denied, and the prisoner required to plead.
*37 The prisoner thereupon plead not guilty, and a motion was made to admit him to bail, which was opposed by the district-attorney.
The Court held, that the motion should be entertained, and that the power to bail in a cajjital case was indisputable. That the power to bail is incident to the power to hear and determine the offense charged. In cases of felony, the prisoner cannot, as a matter of right, be admitted to bail. Whether he shall be let to bail is a question resting in the sound legal discretion of the court.
The prisoner’s counsel urged that the prisoner had voluntarily surrendered himself, that he could furnish abundant security, and that the case was well known to be one Only of manslaughter.
The Court held, that it could not, upon this application, look beyond the minutes of the grand jury; and after examination, decided, that upon the testimony upon which he was indicted, it was not indifferent whether the prisoner be innocent or guilty, but that the testimony, if believed by the petit jury, would warrant a conviction for the crime of murder (People v. Van Horne, 8 Barb. 158; People v. Hyler, 2 Park. Cr. 570).
The motion to allow bail to be given was denied.