Bartlett, J.
The defendant here is indicted for the ■crime of murder in the second degree. While she was in custody, pending a preliminary examination by a magistrate into the charge against her, the case was laid before the grand jury, which subsequently found this indictment. The grand jury caused the prisoner to be taken from the jail and brought before them, and interrogated her in reference to the charge against herself, which they were investigating. By this proceeding it is contended that she was forced to give evidence contrary to that provision of *97 the Constitution of the State (also to be found in the Federal Constitution and American State Constitutions generally) which declares that no person shall “ be compelled in any criminal case to be a witness against himself.” (Art. 1, § 6.)
In behalf of the prosecution, the principal answer to the motion to quash the indictment on this ground is that no compulsion was exercised in eliciting such statements as the prisoner made. After she reached the grand jury room, the district attorney refused to ask her any questions himself, and told her that if she answered any. questions it might hurt hen, and that she ought not to and was not obliged to answer, as her answers might hurt or criminate her. However, according to the minutes, she did answer a few questions freely, being in the room, perhaps five minutes. It does not appear that she was sworn.
Section 257 of the Code of Criminal Procedure provides that it is not the duty of the grand jury to hear evidence submitted by the defendant, “ but it is their duty to weigh all the evidence submitted to them, and when they have reason to believe that other evidence within their reach will explain away the charge, they should order such evidence to be produced ; and for that purpose, may require the district attorney to issue process for the witnesses.”
The suggestion is made that the grand jury sent for this prisoner in the exercise of the powers conferred upon them by this section. There is nothing to indicate that they did. Furthermore, the privilege of a defendant in a criminal case to testify in his own behalf is one which cannot be forced upon him. If he becomes a witness, it must be by his own act, voluntarily, and without constraint put upon him by any officer or agency of the law. That this is the rule in criminal trials, there can be no doubt. In my opinion, no less stringent rule is applicable to the investigation of a charge against a particular person by a grand jury. The power of the grand jury to cause explanatory evidence to be produced, if they believe it is within reach, must be exercised with reference to the limitation that so far as the accused person is concerned, against *98 whom complaint is made before them and against whom their inquiry is directed, he should not even be required to attend as a witness before them, unless of his own free will, best made certain by his own request.
It is not pretended that the appearance of this defendant before the grand jury was in any sense voluntary on her part. is true she was cautioned by the district attorney as to answering, but there could have been no reason evident to her why she should heed this advice, rather than respond to the interrogatories of the grand jurors, who were apparently invested with equal authority. It was not necessary that her statement should be under oath to bring it within the purview of the bill of rights. A mere admission is enough. (Boyd v. United States, 116 U. S., 616.) I am satisfied, upon a careful consideration of all the circumstances, that this prisoner was compelled by the grand jury to give evidence against herself before that body when it was investigating a charge of crime against her, and that the indictment should be quashed on that ground.
JSio precedent has been cited, nor am I aware of any, for the action of the grand jury in thus subjecting an accused prisoner to interrogation. The practice is too dangerous to sanction without express legislative authority. “We have no right,” said Lord Camden, “ without an act of Parliament, to adopt a new practice in the criminal law, which was never yet allowed from all antiquity.” (Entick v. Carrington, 19 Howell’s St. Tr. 1029.) The duty of the courts to be watchful of the constitutional rights of the citizen, and to guard against stealthy encroachments thereon, is emphasized by the Supreme Court of the United States in the Boyd case (already cited). Of the course pursued by the grand jury in the present case, we may well say what Mr. Justice Bradley said there: “It may be that it is the obnoxious thing in its mildest and least repulsive form ; but illegitimate and unconstitutional practices get their first footing in that way, namely, by silent approaches and slight deviations.;from legal modes of procedure. This can only be obviated by adhering to the rule that constitutional *99 provisions for the security of person . and property should be-liberally construed. A close and literal construction deprives" them of half their efficacy and leads to gradual depreciation of' the right.”
The indictment-must be quashed, and the case must be re-, submitted to another grand jury—if possible, that now in. session.*
Note on Quashing Indictment foe Irregulaeities before Grand Jury.
The decision in the text is a sound application of the rule that no person shall be compelled in a criminal case to be a witness against himself.
In State v. Froiseth, 16 Minn., 296, an indictment against a justice of the peace for taking illegal fees was quashed because the grand jury required defendant to testify before them; and it does not even appear that the defendant was in custody at the time.
In People v. Briggs, 60 How. Pr., 17, an indictment for murder was quashed because the prisoner’s wife was called before the grand jury and testified against him.
An objection on this ground may be presented by motion to quash ’ before trial, and will not be entertained after conviction.
The grand jury may interrogate each of several defendants who are afterwards Jointly indicted as to the part each one has taken in the crime, and may find indictments against the others on such testimony, but they cannot find an indictment against either on his own testimony (U. S. v. Brown. 1 Sawyer, 531); but the accused cannot object because indicted on the testimony o£ an accomplice. King v. Dodd, 1 Leach Cr. C., 155.
The accused cannot demand as a matter of right to be present at the sitting of the grand jury (State v. Hamlin, 47 Conn., 95), nor as a matter of right that evidence in his favor be so submitted. (U. S. v. Palmer, 2 Cranch C. C., 11; U. S. v. Blodgett, 35 Ga., 337).
An indictment has been quashed because the grand jury found the same upon the testimony of an unsworn witness (U. S. v. Coolidge, 2 Gallison, 364; but see Smith v. State, 61 Miss., 754, where a demurrer to a plea in abatement on the ground that the indictment had been found without the examination of any sworn testimony, was held properly sus *100 tained); because the proceedings were not initiated through the regular course of a magistrate’s warrant and commitment (Commonwealth v. Jadwin, 1 Crim. L. Mag., 231); because found without any proofs of the commission of the offence (People v. Restenblatt, 1 Abb. Pr., 268); because found upon such palpably incompetent and insufficient evidence as to be obviously a case of prejudice (U. S. v. Farrington, 2 Crim. L. Mag., 525). And a motion has been entertained because less than twelve of the grand jury concurred in finding the indictment (Low’s Case. 4 Greenl. (Me.), 439); but the motion to quash has also been denied, when urged because the indictment was found on illegal évidence, (State v. Dayton, 23 N. J. L., 49).
The proceedings of grand juries cannot ordinarily be disclosed, but this rule is not to be carried to the extent of obstructing justice or of creating wrong and hardship. A court may inquire into the evidence upon which a grand jury found an indictment, and if such evidence is plainly illegal and incompetent, should quash the indictment. People v. Restenblatt, 1 Abb. Pr. R., 268; U. S. v. Farrington, 2 Cr. L. Mag., 525; but see, contra, State v. Fowler, 52 Iowa, 103; s. c., 2 Cr. L. Mag., 45.
But how an individual grand juror voted, or what he said upon any question before the grand jury cannot be shown under any circumstances. Low’s Case, 4 Greenleaf (Me.), 439; Commonwealth v. Hill, 65 Mass., 137.
When the grand jury is supplied with legal testimony reaching the whole case, the court will not weigh the sufficiency of the evidence. People v. Strong, 1 Abb. Pr. N. S., 244; U. S. v. Reed, 2 Blatchf., 435; Stewart v. State, 24 Ind., 142.
The testimony of grand jurors is admissible to show that less than twelve of their number concurred in finding an indictment. Low’s Case, 4 Greenleaf (Me.), 439; People v. Shattuck 6 Abb. N. C., 33.
So, to show who was the prosecutor in a criminal matter in which they refused to find an indictment (Huidekoper v. Cotton, 3 Watts (Pa.), 56), or what was the evidence before them. State v. Wood, 53 N. H., 484; Sands v. Robison, 12 Sm. & M. (Miss.), 704; State v. Broughton, 7 Ire. (N. C.), 96; Burnham v. Hatfield, 5 Blackf. (Ind.), 21; Perkins v. State, 4 Ind., 222; U. S. v. Porter, 2 Cranch C. C., 60; contra. State v. Fassett, 16 Conn., 458. It is inadmissible to show that an indictment was found without legal or upon insufficient testimony. People v. Hulbut, 4 Den., 133 (statutory rule).
A grand juror may be called to contradict statements which a prosecutor or witness claims to have made before the grand jury. Jones v. Turpin, 6 Heisk., 181; Commonwealth v. Mead,, 78 Mass., 167. So, a, witness present in the same matter before the grand jury is competent *101 to prove that the testimony of witness on the trial is different from that given by him to the grand jury. Little v. Commonwealth, 25 Gratt., 921; Reg. v. Hughes, 1 Carr. & Kirw., 519. Upon a trial for perjury committed before a grand jury, the testimony of the grand jurors is admissible to prove the facts. Crocker v. State, Meigs (Tenn.), 127.
A grand juror’s testimony is admissible to prove that a certain person did not testify before the grand jury. Commonwealth v. Hill, 65 Mass., 137. A witness may be asked, on cross-examination, whether he did not state certain facts to the grand jury (Reg. v. Gibson, 1 Car. & M., 672), and if evidence is offered of statements made by a witness before the grand jury, he may testify in rebuttal what those statements were. Way v. Butterworth, 106 Mass., 75.
An indictment for abortion, founded partly on the testimony of physicians of information acquired in their professional capacity, is obnoxious to Code Civ,Pro., §834, and Code Crim. Pro., §256, and will be set aside on motion. People v. Sellick, 4 Crim. Rep., 329.

 At the same term, the prisoner was again indicted for the same crime, without, however, being taken before the new grand jury which found the indictment.