THE PEOPLE OF THE STATE OF NEW YORK, RESPOND-
ENT, v. ALBERT SPENCER, APPELLANT.

*Crimes — indictment of a witness for the people by the same grand jury before which he has testified — immunity afforded him by Penal Code, section 79.*

Albert Spencer was subpœnaed before a grand jury to testify to his having given money to the police commissioners of Saratoga Springs to induce them to permit him to keep a gambling-house, and upon his testimony, and that of other persons, the commissioners were indicted for bribery. A few days later the same grand jury indicted Spencer for keeping a gambling-house, and upon the trial of such indictment he was convicted of a misdemeanor.

Upon an appeal taken by him from the judgment of conviction:

*Held*, that, under section 79 of the Penal Code, which, while making an offender a competent witness, provides that the testimony shall not be used in any prosecution, civil or criminal, against the person so testifying, the conviction was improper.

That the fact that the indictment was found a few days after he had testified, and after the commissioners were indicted, did not alter the rule.

APPEAL by the defendant Albert Spencer from a judgment of the Court of Sessions of Saratoga county, entered in the office of the

clerk of Saratoga county on the 26th day of May, 1892, convicting him of the misdemeanor of keeping a room to be used for gambling, with notice of an intention to bring up for review upon the appeal an order of the said court denying a motion to quash the indictment.

*C. S. & C. C. Lester*, for the appellant.

*T. F. Hamilton*, district attorney, for the respondent.

HERRICK, J. :

The defendant was subpœnaed before the grand jury to testify as to his having given money to the police commissioners of the village of Saratoga Springs to be permitted to keep a gambling-house, and upon his testimony, with that of others, such commissioners were indicted for bribery, his testimony showing that he had paid them money for such purpose.

A few days after, the same grand jury indicted the defendant for keeping a gambling-house.

Having used the defendant as a witness, his testimony could not be used against him. (Penal Code, § 79.) Here the same grand jury who heard his testimony found the indictment against him. The fact that it was found a few days after he was sworn, and after the charge upon which he was sworn was acted upon, it seems to me makes no difference. If it had been the testimony of another witness they would have had the right to consider it, although he was not resworn or his testimony read in the second case, and the jury could not very well dismiss from their minds his testimony given in the first case in their consideration of the second one.

When a witness is used under such circumstances the utmost good faith should be observed in dealing with him, and the spirit, as well as the letter of the law, should be regarded ; here, it seems to me, both were violated. How much the grand jury was influenced by his testimony cannot be ascertained, neither does it make any difference.

The case seems to me plainly within the principle enunciated in *People* v. *Singer* (18 Abb. N. C., 96) ; *People* v. *Briggs* (60 How. Pr., 17.) ; *People* v. *Clark* (14 N. Y. Supp., 642) ; *People* v. *Brickner* (15 id., 528) ; *Counselman* v. *Hitchcock* (142 U. S. S. Ct. Rep., 547) ; *People* v. *Clements* (5 N. Y. Crim. Rep., 298). And it was

a violation of the immunity granted to a witness bv section 79 of the Penal Code.

The judgment of conviction should ·be reversed and the indictment dismissed.

MAYHAM, P. J., and PUTNAM, J., concurred.

Judgment of conviction reversed and the indictment dismissed.

---

IN THE MATTER OF THE ACCOUNTING OF EDWARD J. MAXWELL, AS ASSIGNEE FOR THE BENEFIT OF CREDITORS OF JOHN·REDDISH.

*Assignment for the benefit of creditors — legal services rendered by the assignee and his firm — compensation — costs — retainer of an attorney.*

Upon an accounting of an assignee for the benefit of creditors it appeared that he was a lawyer, and a member of a firm of lawyers; that, in proceedings taken by a bank, which was interested as a creditor of the estate, to remove him from his trust, the assignee employed his firm to defend him, and rendered services himself; that, in other matters relating to the assigned estate, both he and his firm rendered services, some of which appeared to be of considerable value.

Upon an application by the assignee to be allowed compensation for these services:

*Held,* that this could not be done, and that he was only entitled to commissions.

That it was contrary to the policy of the law to allow an assignee to deal with the assigned estate; that it made no difference how valuable the services were, and that he could not recover for legal services which he rendered in person or by his firm.

The bank failed in its attempt to remove the assignee.

*Held,* that, if the bank was to be charged with costs, the matter should have been adjusted in the proceeding for removal, and that costs could not be allowed against the bank upon the final accounting of the assignee.

It appeared that the County Court allowed the assignee $500 as costs of his final accounting, and to this the bank objected, although it was alleged that the bank had consented to the allowance, and it was so found.

*Held,* that if it had so consented it was bound by such consent.

APPEAL by the First National Bank of Amsterdam, a creditor of John Reddish, from so much of a decree and judgment of the Mont-