## SUPREME COURT—APP. DIVISION—FIRST DEPARTMENT,
## May 15, 1908.

# THE PEOPLE v. MORRIS BEDEFF AND MAX COHEN IMPLEADED WITH LOUIS ROSEN.

### (125 App. Div. 860.)

CONFESSION—BURGLARY.

> On a trial for burglary a confession is admissible where it appears that it was not obtained by improper means, but that defendants were warned as to their rights and that it was purely voluntary.

APPEAL by the defendants, Morris Bedeff and another, from a judgment of the Court of General Sessions of the Peace in and for the county of New York, rendered on the 14th day of October, 1907, convicting the said defendants of the crime of burglary in the third degree, and also from an order denying the defendants' motion for a new trial.

*Cambridge Livingston,* for the appellants.

*Robert S. Johnstone,* for the respondent.

PER CURIAM:

The only question in this case is as to the admissibility of the examination of the defendants before the magistrate, when they pleaded guilty of the commission of the crime charged, and of their confession to the police officer. The evidence shows that the confession was not extorted or obtained by any improper means, but that the defendants were properly warned as to their rights and that it was purely voluntary.

No error appears to have been committed upon the trial and the judgment and order are affirmed.

Present—INGRAHAM, LAUGHLIN, CLARKE, HOUGHTON and SCOTT, JJ.

Judgment and order affirmed.

## NOTE ON CONFESSION.

Testimony at the coroner's inquest of one subsequently accused of murdering the one whose death is being investigated by the coroner, not admissible on his trial for the murder, because he had not been advised of his rights when such testimony was given, if at that time he was not under arrest or formally accused of the crime.    People v. Molineaux, 168 N. Y. 264; 16 N. Y. Cr. Rep. 120.

Inspection of the evidence before the Grand Jury will be denied, if the court had the power to make it, where the indictment is founded mainly on a confession made by the accused to a witness examined before the Grand Jury, and there is no necessity shown for the inspection.    People v. Jaehne, 4 N. Y. Cr. Rep. 161.

The question of whether a confession is voluntary and therefore admissible, held to be one for the Court.    People v. White, 176 N. Y. 333; 17 N. Y. Cr. Rep. 538.

Held error to refuse to admit evidence offered as to inducements held out to defendant to obtain confession.    People v. Rogers, 192 N. Y. 331.

Where the question is free from doubt, the Court may decide whether a confession is voluntary as a matter of law.    People v. Myer, 162 N. Y. 357; 14 N. Y. Cr. Rep. 487; Willett v. People, 27 Hun. 269.

Where written confession offered and defendant objects, and offers to prove it obtained by threats or promises, or under such circumstances as would render it incompetent, held error to receive it without first hearing proof offered.    People v. Fox, 20 N. Y. St. Rep. 316, 121 N. Y. 449.

Accused cannot be restricted to sole right of attacking a confession, once introduced into evidence, by other and controverting proof, but may further cross-examine the witnesses for the State as to the time place and circumstances of the alleged confession, to ascertain whether the same was voluntary.    People v. Fiori, 123 Ap. Div. 174.

Question whether confession voluntary frequently one of fact for the jury.    People v. Meyer, 162 N. Y. 357, 4 N. Y. Cr. Rep. 487.

In determining whether a confession is admissible, the only proper

question is whether the inducements held out to the prisoner were calculated to make his confession an untrue one. People v. Smith, 3 How. Pr. 26.

Action of the Court in instructing the jury to disregard a confession if obtained under influence of fear upheld by threats, upheld. People v. Cassidy, 133 N. Y. 612; 10 N. Y. Cr. R. 183.

If there is a conflict of evidence on the question as to whether the confession was voluntary, the accused has the right to have that question submitted to the jury. People v. Kennedy, 159 N. Y. 346, 14 N. Y. Cr. Rep. 114.

In case of doubt, the jury may pass upon the question as to whether a confession was voluntary People v. Egnor, 175 N. Y. 419, 17 N. Y. Cr. Rep. 388.

Statements of prisoner to prison-guard after killing another keeper held to be voluntary. People v. Egnor, 175 N. Y. 419, 17 N. Y. Cr. Rep. 388.

Arrest does not render subsequent confession involuntary. Cox v. People, 80 N. Y. 500; People v. Chapleau, 121 N. Y. 266; People v. Meyer, 162 N. Y. 357, 14 N. Y. Cr. Rep. 487; People v. Kurtz, 42 Hun, 340; People v. Chacon, 3 N. Y. Cr. Rep. 419; People v. White, 176 N. Y. 331; Balbo v. People, 80 N. Y. 484; People v. Sliney, 10 N. Y. Cr. Rep. 303.

Statements to reporters held to be voluntary. People v. Meyer, 162 N. Y. 357.

Assuming the guilt of a person interrogated, in a question put to him which brings out a confession, held to furnish no ground for the rejection of such confession. People v. Wentz, 37 N. Y. 304.

If confession obtained under the influence of some collateral benefit or boon, no hope being held out or fear excited in respect to the particular charge, confession is voluntary and admissible. People v. White, 176 N. Y. 331.

Confession obtained by artifice or deception, held admissible. People v. White, 176 N. Y. 331.

Where officer told defendant in presence of complainant that he thought complainant would not be so hard on him if he could get

back his property, the subsequent confession was held involuntary and inadmissible. People v. Phillips, 42 N. Y. 200.

An indictment is invalid where defendant was compelled to testify before the Grand Jury, or the confession was obtained from him by hope inspired by assurance of immunity, and such confession caused the indictment. People v. Haines, 6 N. Y. Cr. Rep. 103.

An indictment for bribery quashed, where the Grand Jury indicted a witness before them on evidence disclosed by his examination. People v. Spence, 66 Hun, 149.

Confession made before coroner, where accused arrested without warrant and examined before coroner, held inadmissible. People v. McMahon, 15 N. Y. 304.

Confessions before coroner held admissible in People v. Mondon, 103 N. Y. 211, 4 N. Y. Cr. Rep. 112; People v. McGloin, 91 N. Y. 242; People v. Chapleau, 121 N. Y. 266; People v. Wright, 136 N. Y. 625.

Evidence obtained by involuntary physical examination by coroner held inadmissible. People v. McCoy, 45 How. Pr. 216.

Confession of witness called before Senate investigating Committee held inadmissible on his trial for bribery, he not having waived his privilege under section 79 Pen. Code by failure to assert the same. People v. Sharpe, 107 N. Y. 427, 5 N. Y. Cr. Rep. 388.

Statements made on an examination in supplementary proceedings under section 292 C. C. P. held inadmissible on subsequent trial for obtaining goods under false pretences. Barber v. People, 17 Hun, 366.

Confession to inspector of police who during examination of accused claimed to have seen him do certain things, in order to induce confession, held admissible though accused was under oath. People v. McGloin, 1 N. Y. Cr. Rep. 105, affd. 1 N. Y. Cr. Rep.154.

A declaration explaining to prisoner's advantage a suspicious circumstance is not deemed a confession under 395 of the Code. People v. McCallam, 3 N. Y. Cr. Rep. 189.

Statement to suspect by police officer, that they had found enough

to convict her and she might as well own up, held not to be a threat. People v. McCallam, 1 N. Y. Cr. Rep. 189.

Admissions of defendant on trial for larceny held insufficient to convict. People v. Kelly, 1 N. Y. Cr. Rep. 414.

Held statements not a confession, but evidence in chief, and therefore admissible. People v. O'Neil, 5 N. Y. Cr. Rep. 302.

Mere fact that person was under arrest at time confession was made does not thereby render confession inadmissible. People v. Druse, 5 N. Y. Cr. Rep. 10.

Error to refuse to allow accused to state whole conversation, when witness has testified to a confession made to him. People v. Penhollow, 5 N. Y. Cr. Rep. 41.

Where defendant's books of account were introduced in evidence against him, without objection by him, held properly admitted. People v. Spiegel, 9 N. Y. Cr. Rep. 399.

Where the District Attorney states to defendant that, if he makes any statement, it must be voluntary and without threats or promises the confession is admissible, though a police officer, in whose custody he was, had previously used strong language to induce him to confess. People v. Mackinder, 9 N. Y. Cr. Rep. 267.

The evidence, in this case, in connection with a voluntary confession to the inspector that the accused had killed the deceased in a quarrel, is sufficient, if believed by the jury, to make out a case of killing with deliberation and premeditation, and to negative the theory of self-defense. People v. Sliney, 10 N. Y. Cr. Rep. 303.

Where, upon conviction of the defendant of the crime of arson, upon proof of the burning of the building and her confessions, the evidence as to whether the confessions were voluntary is conflicting the defendant testifying that they were induced by threats and those to whom they were made testifying that there were no threats used, it is to be presumed that the jury found the confessions to have been voluntarily made, and the verdict, under such circumstances, will not be disturbed. People v. Bishop, 10 N. Y. Cr. Rep. 431.

A party's acquiescence, to have the effect of an admission, must exhibit some act of voluntary demeanor or conduct. When the

claimed acquiescence is the conduct or language of others, it must plainly appear that such language or conduct was fully known and fully understood by the party before any inference can be drawn from his passiveness or silence. The circumstances must not only be such as to afford him an opportunity to act or speak, but also such as will properly or naturally call for some action or reply from men similarly situated. People v. Sutherland, 12 N. Y. Cr. Rep. 495.

The confession is voluntary, where it is not made under the influence of fear produced by threats or upon any stipulation of the district attorney. People v. Pullerson, 14 N. Y. Cr. Rep. 95.