The People *v.* McIntyre.

SUPREME COURT. Onondaga General Term, October, 1852. *W. F. Allen, Hubbard* and *Pratt*, Justices.

THE PEOPLE *vs.* ALANSON McINTYRE.

Where two or more persons are jointly indicted for felony, and demand separate trials, they have not a right to elect which defendant shall be tried first.

The order of the trials in such case is within the control of the district attorney, subject to the direction of the court; and as a general rule, the court should not interfere to compel the district attorney in regard to it.

The decision of the court, refusing to direct the district attorney in such case, is not the subject of review upon exception.

On a separate trial of a defendant jointly indicted with a codefendant for felony, such defendant can not improve his codefendant as a witness in his behalf. Such codefendant is not a competent witness for the defendant on trial till discharged from the record by *nolle prosequi*, acquittal or otherwise.

The defendant and Carrington McIntyre were jointly indicted in the Madison county sessions for burglary and larceny and demanded separate trials, and that Carrington McIntyre should be first tried. A separate trial was granted, but the court refused to compel the district attorney to try McIntyre first; to which refusal the defendant excepted. Upon the trial of the defendant, his codefendant on the indictment was offered as a witness in his behalf, and was objected to on the ground that he was jointly indicted with the defendant. The objection was sustained and the witness excluded. The defendant was convicted and brings error to this court.

*D. Brown,* for defendant.

*W. E. Lansing,* (Dist. Att'y), for the People.

*By the Court,* W. F. ALLEN, J. It was a matter addressed to the sound discretion of the court below whether they would interfere with the order of trial of the persons indicted. The statute secures to persons jointly indicted for a felony the right of separate trials, but does not give to them the right to regulate the time or order of such trials. The public prosecutor controls and directs on these matters, subject to the direction of the court in cases calling for interference. It can not be assumed by any court, and certainly not by a court of review, that the grand jury have found an indictment without sufficient evidence or from improper motives, or that the public prosecutor has unworthily procured an indictment against an innocent individual and delays the trial, in order to deprive another person indicted for the same offence of the benefit of his testimony. If a case of that kind should be brought to the knowledge of the court, it can not be doubted that measures would be taken to secure to the persons indicted their just rights and fair trials But even in such case the order of the court would not be the subject of review upon exceptions. (*People* v. *Colt,* 3 *Hill,* 432.)

The decision of the court excluding the codefendant as a witness for the defendant upon the trial is properly the subject of review upon error. The statute provides that when two or more defendants shall be jointly indicted for any felony, any one defendant requiring it, shall be tried separately. (2 *R. S.* 735, § 20.) Previous to this statute, persons jointly indicted for offences entitling them to peremptory challenges were entitled of right to separate trials, and a separate trial of persons jointly indicted might in all cases be had in the discretion of the court. The statute therefore restricts the discretion of the court in granting or withholding separate trials to indictments for offences less than felony, but does not affect the rights of the parties or the rules of evidence, in cases where separate trials

The People *v.* McIntyre.

are had either as a matter of right, or by direction of the court where the right is not absolute. The statute was enacted to conform the practice to the opinion of the court in *The People* v. *Barber* (7 *Cowen*, 108; *Revisers' Notes*, 3 *R. S.* 849). The right to a separate trial by no means determines the right of one defendant to improve his codefendant as a witness in his behalf. This can only be done by discharging him from the record; as by the entry of a *nolle prosequi*, or by an order for his dismissal and discharge, or by a verdict of acquittal, where no evidence or no sufficient evidence has beem adduced against him. (1 *Greenl. Ev.* § 363; *Roscoe Cr. Ev.* 1412; 2 *Russ. on Cr.* 968, 969; *State* v. *Moony*, 1 *Yerger*, 451; *Commonwealth* v. *Marsh*, 10 *Pick.* 57; *People* v. *Bell*, 10 *John. R* 95; *People* v. *Williams*, 19 *W. R.* 377). The rule is too well established to be disturbed by this court, and the reasons assigned for it are satisfactory. The rights of individuals charged with crime are not endangered by the rule. The defendants jointly indicted may, at their option, be jointly tried; and if upon the trial there shall be no evidence, or but slight evidence, against one of the parties indicted, he may be discharged or his case submitted to and passed upon by the jury to enable the other defendants to call him as a witness.

The provisions of the code have no application to criminal proceedings.

The judgment of the court below is affirmed.