Russel, City Judge.
The defendants, Peter R. Strong and Electa M. Potter, are jointly indicted for manslaughter in the second degree, in killing (as charged) the child with which one Mary E. Strong was quick, by the use of instruments inserted to destroy the fetal life of the child. The indictment contains four counts, diversified to meet the evidence on the trial, and appears to have been drawn with great skill and .care.
The defendants pleaded “not guilty ” to the indictment, and thus raised an issue to the country. The defendant Strong desiring, through his counsel, to make a motion to quash, or for *245 other relief, the district attorney, with his usual fairness and liberality, consented that he might withdraw his plea and make his motion. Without such a consent, he would have had to apply to the court for leave to withdraw his plea and make the motion ; which application, under the practice of this court, .must have rested upon the strongest grounds, and would by no means have been granted as a matter of course. The liberality of the prosecuting officer serves to show, in answer to the intimations of the counsel for this defendant to the contrary, that he means to pursue the even tenor of his way in this as in other cases, and that he has no other motive for his official conduct than the performance of public duty. The moving papers are quite voluminous, but the substance of them is this:—That Mary E. Strong is the defendant’s wife; that he has brought an action for divorce against her, now pending and ready for trial in the Superior Court of this city; that he desires to be tried upon this indictment before that trial takes place; that Mrs. Potter (his co-defendant) is a witness for him on that trial, to repel the charge of adultery brought against him by his wife, in connection with that female; that this is a malicious prosecution against him and his witness, designed to aid the defence of the action for divorce; that his wife’s relatives have resorted to it with that view; that he has demanded of the district attorney an immediate trial upon this charge, and that the district attorney has avowed an intention to try Mrs. Potter first, and, should she not be convicted, to use her as State’s evidence against him. The district attorney has introduced no affidavit in his own vindication; and very properly, I think. His’ official oath ought to be regarded as a denial, under oath, of all accusations against him, unless improper conduct is brought home to him by the plainest facts; nothing of the kind appears here. The counsel who argued against the present motion on the part of the people, offered the following matters of fact in opposition to the moving papers:—First, That the district attorney had endeavored to bring on the trial of Mrs. Potter, but that it had been postponed by the court, notwithstanding his resistance, for reasons satisfying the practice of the court; and secondly, That this indictment did not stand in the way of the defendant’s trying his action for a divorce, as he himself considered, for that, since his present motion was noticed, his counsel had made a vigorous effort to force on that trial.
If the district attorney had determined to toy Mrs. Potter *246 first, he certainly has been guilty of no delay towards the defendant Strong in that particular. It may be said to be conceded that the blame is not his, that she has not been tried; for the facts relied upon by the prosecution, as to that branch of the matter, are not contradicted on this motion.
The present application has two aspects; First, as a motion to quash the indictment; Second, should that relief be denied, as a motion to the court to control the public prosecutor as to the time of trying the indictment as against the defendant Strong. The motion to quash is urged upon two grounds: First, that the indictment was found without a previous complaint in the police office; Second, that there was not sufficient evidence before •the grand jury to warrant it.
As to the first of the grounds of the motion to quash (which has been submitted as a supplemental point in writing by the defendant’s counsel, and was not distinctly taken upon the argument), this court, so far as I am concerned,—for I do not understand that my associate in' this court concurs with me in my judgments as to the power of the court over, and its duty to impose proper restraints upon, grand juries,—has decided that' criminal complaints ought properly to originate in the police offices; and that where they originate with the grand jury, as a general thing, relief will be granted against the indictment upon motion—unless where the interference of that body is requisite to prevent the statute of limitations attaching', or where the accused resides out of the State, and a requisition from the governor has to be issued to bring him within the jurisdiction of our courts. From the facts testified to before the grand jury by the midwife in this case, the present offense (if it ever was committed) must have been committed before or on March 5th, 1862; and from the fact of the grand jury finding the indictment with such deliberation and apparent reluctance (for it was under consideration three times before a bill was ordered, as the moving papers show), it is evident that it would not have been proper to have postponed the submission of the matter to the indicting body longer than the last February term of this court, even though there might have been some days left in the ' March term, during which the grand jury for that term could have acted upon the complaint. Had this matter been reserved for the grand jury of the last March term of this court, however, the statute of limitations must have barred it altogether; for *247 that commenced on Monday, March 6th, I860, and, allowing for a delay of several days in impannelling a grand jury (which is very frequently the case), the three years within which the indictment must have been found, if at all, would have been exceeded several days. In speaking of three years from March 6th, 1862, as the period within which the indictment would have to be found, it is assumed (for the moving papers state nothing to the contrary) that the defendant, Strong, has, all that time, been usually resident in this State. Our statute requires all indictments (unless in cases of murder) to be found and filed in the proper court within three years after the commission of the offense, but the time during which the defendant shall not have been an inhabitant of, or usually resident within, this State, forms no part of the limitation of three years (3 Rev. Stat., 5th ed., 1017, § 37). Even if there had been a few days of the March term of the court left for the action of the grand jury upon the present complaint, the defendant, had he been indicted under those circumstances, might well have complained that the matter was offered to that body at so late a day as to deprive them of the opportunity for deliberation. Tinder the present circumstances, the complaint was submitted to the indicting body as late as it should have been. . Should it be said that it was the fault of the prosecution that the alleged offense was not brought to the knowledge of the authorities sooner—the answer to that is, that an offense is public property, and that the law has prescribed the time for which the right to prosecute it shall remain. Delay in bringing it forward is a strong discrediting circumstance against the verity of the charge, and a very proper subject for the grand jury to be satisfied upon before they indict. No doubt, in this instance, the indicting body weighed this circumstance, and the scruples it occasioned in their minds may have caused the embarrassment or reluctance which seems (from the moving papers) to have characterized their action, and induced them to make a demand twice for additional evidence.
In relation to the second ground of the motion to quash, that there-was not sufficient evidence before the grand jury to warrant the indictment, the court has no doubt- it should be over- • ruled. In saying that, I do not mean to intimate that there was sufficient evidence before that body, unexplained and uncontradicted, to justify the defendant’s convictions, or to express any *248 judgment upon the strength of the evidence. There was testimony before that body going to the whole case, bearing upon every essential part of the charge, and under the constitution and laws of this State, under their oaths, its members were to pass upon the weight and effect of that testimony. The reasoning of the counsel for the prosecution upon this point is, to my mind, irresistible and unanswerable. To discipline the grand jury is one thing. To keep them within their constitutional and lawful limits is the duty and right of the court; but when they have testimony before them upon which their oaths can fajrly act, to tell them how much testimony they must have upon a given point, or what result they shall declare from testimony before them, would be (to use the language of the counsel for the prosecution) to obliterate or wipe them out as a separate and independent judicial institution. Such a doctrine as is contended for in favor of this motion, in effect would make this court both the indicting and trying body. It is unnecessary to refer to the authorities which I have examined in coming to this conclusion. Since I have been upon the bench of this court, many motions of this description have been made and argued before me, and I have uniformly granted relief against the action of the indicting body .where it has been unlawful or oppressive, or where the ends of justice would be prevented by allowing it to stand. The principle of these decisions did not affect the separate existence or independence of that body, when acting in the discharge of their legitimate duties. To say to that body that it must have competent lawful testimony before it indicts, or that it must not interfere with a complaint undergoing examination in a police office^or that the requisite number must be present when a bill is ordered, or that the statutory number must concur in finding a bill, otherwise its presentment will be set aside, is very different from saying to it, where it has evidence before it reaching the whole case, the legality or competency of which is not denied, that it had no right to believe a certain witness, or that it ought to have demanded more testimony on a given point, and, hence, that its finding shall be vacated. The former class of decisions merely announces to the indicting body, that whenever the law has given it a rule of action, the law must be observed. The latter class would dictate to it how it shall redeem its oath in a matter appertaining to the consciences of its members. The only authority cited upon *249 the argument to which my attention had not been called on previous occasions of this kind, was The United States v. Reed, (2 Blatchf., 435), which appears to sustain fully my conclusion.
The principal authorities bearing upon the right or duty of the court, over or in reference to grand juries, were reviewed by me in an opinion filed in this court at the June term, 1864, .in The People v. Dederick and others, where the counsel, who argued against the present motion on the part of the prosecution, argued a motion to quash an indictment, which was granted upon grounds involving a very full consideration of the law on this subject. The learned counsel for the defendant has, since the argument, referred me to a manuscript report of a case in the Court of General Sessions of Dutchess county—The People v. Levy—in which the opinion was pronounced by Wheatobt, County Judge, upon a motion to quash for want of proof before the grand jury, of the corpus delicti. The decision granting the motion was merely an adoption of the principle of The People v. Restenblatt (1 Abb. Pr., 268), which holds that the grand jury cannot indict without having some evidence to show the commission of an offense. That principle does not touch the present application, for here the grand jury had some evidence as to the commission of the offense, and under their oaths they were to judge of its weight and effect. In reference to the other branch of the present application to the court—to control the district attorney as to the time of trying the indictment against the defendant Strong—there can be no doubt of the power of the court to interfere, in a proper case, for the protection of the rights of the accused.
In The People v. McIntyre (1 Park. Cr., 371), the court say: “ It was a matter addressed to the sound discretion of the court below, whether they would interfere with the order of trial of the persons indicted. The statute secures to persons jointly .indicted for a felony, the right of separate trials, but does not give to them the right to regulate the time or order of such trials. The public prosecutor controls and directs on these matters, subject to the directions of the court in cases calling for interference. It cannot be assumed by any court, and certainly not by a court of review, that the grand jury have found an indictment without sufficient evidence or from improper motives, or that the public prosecutor has unworthily procured an indictment against an innocent individual, and delays the trial in or *250 der to deprive another person indicted for the same offense of the benefit of his testimony. If a case of that kind should be brought to the knowledge of the court, it cannot be doubted that measures would be taken to secure to the persons indicted their just rights and'fair trials.”
In that case (which was a charge of felony) the defendants demanded separate trials, and a motion was made in the court below that the court direct the district attorney to try the co-defendant of the party, in whose behalf the motion was made, first, which was refused. The duties of the .district attorney’s office are sufficiently responsible and onerous without being perplexed by any unwarrantable interference from any quarter. In this county his office is one of very great trust, and it never has been filled by a gentleman more faithful to all its requirements than its present incumbent. Nothing appears to justify the court in questioning his motives or conduct in any manner, or in withdrawing from him his acknowledged rights over all criminal prosecutions. There is nothing unusual in his course or management, as exhibited by the moving papers; and, had the learned counsel been more familiar with the powers, duties and usages of that office, than he claimed to be in his argument, he no doubt would have been restrained from the reflections upon the prosecuting officer in which he indulged.
The motion is denied in both aspects of it, and upon all the grounds upon which it was urged, and the clerk will enter an order to that effect.