## PEOPLE *v.* HAINES.

*(Court of General Sessions, New York County.* May 21, 1888.)

INDICTMENT AND INFORMATION—WHEN SET ASIDE—COMPELLING DEFENDANT TO TESTIFY BEFORE GRAND JURY.

When defendant, under legal constraint and without counsel, is compelled to testify before the grand jury in a charge against himself, the indictment will be set aside, under Const. N. Y. art. 1, § 6, providing "that no person shall be compelled in any criminal case to be a witness against himself," although Code Crim. Proc. N. Y. § 313, provides for setting aside an indictment only on other grounds therein stated.

On motion to quash indictment.

Napoleon J. Haines, Jr., the defendant, was indicted for grand larceny.

COWING, J.    This is a motion to set aside an indictment found in this court on the 16th day of April, 1888, against the above-named defendant, for the crime of grand larceny in the first degree.    The defendant relies upon two distinct grounds for the relief he demands: (1) That the grand jury found the indictment upon illegal evidence; and (2) that the grand jury violated his constitutional right in compelling him to attend before them as a party, and testify against himself.    It appears from the indorsement upon the indictment of the list of witnesses examined before the grand jury, and also from the uncontradicted averments contained in the defendant's affidavit, that while the grand jury had under investigation the criminal charge against the defendant, he was subpœnaed to attend before the grand jury, and, in pursuance thereof, did attend before them without counsel, and, after being duly sworn to testify and give evidence in the investigation of the charge against himself, proceeded as a party to answer material questions against himself, propounded to him by the grand jury.    By reason of this action on the part of the grand jury the defendant claims and insists—*First,* that the grand jury found the indictment against him upon his own testimony, which, under the circumstances, was incompetent and illegal; and, *second,* that his constitutional right was violated, in that he was compelled to be a witness against himself.    If both or either of these grounds of objection to the indictment are true, there can be no doubt, both upon authority and in reason, but that the same should, in some manner, be summarily disposed of, without putting the defendant to his defense, and trial thereon.

The learned district attorney contends that section 313 of the Code of Criminal Procedure only provides two different grounds for setting aside an indictment, and that the defendant does not bring himself within either; and cites *People* v. *Petrea,* 92 N. Y. 128, as sustaining his contention of want of power in the court to grant defendant's motion.    But it will be observed, on reading from Judge ANDREWS' opinion in the *Petrea Case,* that he expressly holds that, when the defect invades a constitutional right, the court is bound to take notice of it, although unauthorized to do so by any statute, and even, also, if a statute seems to preclude the raising of the objection.    The constitution of this state provides, in article 1, § 6, "that no person shall be compelled in any criminal case to be a witness against himself."    If the grand jury, in its investigation of the charge against the defendant, violated the letter and spirit of this constitutional provision, the indictment should undoubtedly be set aside.    Bishop, in his work on Criminal Procedure, at section 113, says "that every right of the prisoner must in some way be made practically available to him; that a right of which the possessor cannot avail himself is practically no right whatever; from which it results that, however much the legislature may

change the forms of procedure in criminal cases, the courts must so construe its enactments as not to leave the prisoner remediless with respect to any acknowledged right." In a similar case, where the conceded facts were not so strong in favor of the prisoner as this, Judge BARTLETT said, in granting the motion to set aside the indictment, "that the privilege of a prisoner in a criminal case to testify in his own behalf is one which cannot be forced upon him. If he becomes a witness, it must be by his own voluntary act, and without constraint put upon him by any agency of the law; and no less stringent rule is applicable to the investigation of a charge against a particular person by a grand jury, and defendant should not be required to attend as a witness before them unless he does so of his own free will." In this case the defendant was taken before them by legal constraint, and made a witness in the charge against himself, which action on the part of the grand jury, Judge BARTLETT said, "satisfied him, upon a careful consideration of the case, that the prisoner was compelled by the grand jury to give evidence against himself before that body when it was investigating a criminal charge against her, and that the indictment should be quashed on that ground." See *People* v. *Singer*, 5 Crim. R. 1. The evidence of the defendant, taken before the grand jury under the circumstances stated, was clearly not only unconstitutional, but was also illegal; and inasmuch as the Code of Criminal Procedure provides that the grand jury has no right to receive any but legal evidence, which would be admissible upon the trial, upon this ground as well as the other, the indictment should be quashed. Judge HAMILTON, in a recent case, reported in 4 Crim. R. 332, (*People* v. *Sellick*,) held, on setting aside the indictment, that an indictment should not only be set aside when there has been improper influence used upon the grand jury, but also where it has been found upon illegal testimony. The situation of a person charged with committing a crime which is under investigation before the grand jury, is similar to that he would occupy if under investigation before a committing magistrate, and he should be treated in all respects as he would be if the crime charged against him was being investigated before the committing magistrate instead of the grand jury. It was so held, in reference to a coroner's inquest, in *People* v. *Mondon,* 103 N. Y. 211, 8 N. E. Rep. 496, and I see no reason why it should not be so held in reference to the grand jury. In fact, the preliminary examination which takes place before the committing magistrate, the coroner's inquest, and the grand jury is, in the main, for the same purpose; and a person who is charged with the commission of a crime which is under investigation before either of them, should be treated in all respects as is required by sections 188, 189, 196, and 198 of the Code of Criminal Procedure. He should be informed of the charge against him, and of his right to the aid of counsel, and, if he has no counsel, must have reasonable time to send and obtain one. He must be advised of his right to make a statement in relation to the charge against him, or that he may waive making one, and that his waiver cannot be used against him on his trial. If he volunteer to make a statement, and not otherwise, the magistrate, coroner, or grand jury is limited to asking certain specified questions, and his statement must be taken without oath. All these provisions of the Code, says Judge RAPALLO in the *Mondon Case,* reported in 103 N. Y. 211, 8 N. E. Rep. 496, "were framed with reference to the constitutional provision that no person shall, in any criminal case, be compelled to be a witness against himself." It does not appear that these various provisions of the Code were observed by the grand jury when they examined the defendant as a party charged with committing a crime which they were investigating. On the contrary, it does appear that in some material particulars they were not observed.

For the foregoing reasons, I am constrained to come to the conclusion that the indictment was found, not only upon illegal evidence, but that the grand jury, in finding it, violated the defendant's constitutional right in compelling

him to be a witness against himself. It is, for the foregoing reasons, ordered that the indictment be set as.de, and that the case be resubmitted to another grand jury.