PEOPLE *v.* PRICE.

(*Court of Sessions, Albany County.* October 2, 1888.)

1. CRIMINAL LAW—SENTENCE AND PUNISHMENT—PRIOR CONVICTION.

A prior conviction, to be available in increasing punishment for second offense, must be alleged in the indictment.

2. SAME—IDENTITY OF DEFENDANT.

On the trial of an indictment which alleges a prior conviction, there must be proof of the identity of the accused as the defendant in the prior conviction.

3. SAME—INDICTMENT AND INFORMATION—FINDING AND FILING.

A grand jury should not find a bill of indictment when there is wanting an essential link in the proof of the charge; and therefore an indictment which alleged a prior conviction will be set aside if there was no testimony before the grand jury identifying the accused as the prior convict.

4. SAME—MOTION TO SET ASIDE INDICTMENT—GROUNDS.

A motion to set aside an indictment may be made on other grounds than those specified in section 313 of the Code of Criminal Procedure.

5. SAME—MOTION TO QUASH—AFFIDAVITS.

The practice, as to making affidavits on motions to quash indictments upon information and belief, laid down in *People* v. *Briggs*, 60 How. Pr. 17, followed.

(*Syllabus by the Court.*)

On motion to quash or set aside indictment.

The defendant, John Price, *alias* C. H. Simmons, was indicted for grand larceny in stealing thirty-five $1,000 debenture bonds, and the indictment averred a prior conviction of one C. H. Simmons, in the state of Georgia, of an offense which, if committed in this state, would be a felony, and said C. H. Simmons was alleged to be the defendant.

*Edward J. Meegan*, for motion.　*Hugh Reilly*, Dist. Atty., *contra*.

NOTT, J. The defendant was indicted at this term of the court for grand larceny, after having been convicted in the state of Georgia under the name of C. H. Simmons of a crime which, under the laws of this state, if committed here, would be a felony. On arraignment, the defendant's counsel moved to quash or set aside the indictment on the ground that no testimony had been given before the grand jury of the identity of the defendant with the alleged Georgia convict. To support the motion, two affidavits were read. One affidavit was made by defendant, and he swears, on information and belief, that no testimony was introduced before the grand jury that he was the Georgia convict. He denies acquaintance with the persons named as witnesses on the back of the indictment. The other affidavit was made by Mr. Connick, one of defendant's counsel. He swears that all the said witnesses reside in Albany county, and embodied in his affidavit is a copy of the testimony taken in the police court. The district attorney neither admits nor denies the statements contained in the affidavits. Under the circumstances, we must follow the case of *People* v. *Briggs*, 60 How. Pr. 17, Mr. Justice OSBORN making the decision, that on a motion to quash an indictment the defendant "may allege the facts constituting the alleged irregularity upon information and belief, if they should be within the knowledge of the district attorney; and if so alleged they may be sufficient to call upon him to disprove them, if not correctly set forth in the moving affidavits." In determining this motion, it must be assumed as fully proved that the grand jury, in finding this indictment, acted without testimony of identity, and therefore without proof, so far as the allegations therein charge him with being a Georgia convict. The district attorney objects to the motion being granted, because the ground thereof is not one of the cases mentioned in section 313, Code Crim. Proc. The court cannot give its assent to this proposition. By section 312 of said Code, the defendant is authorized "to move to set aside an indictment," and no grounds thereof are stated therein. We must hold that this section gives us the power to entertain the motion. Judge BARTLETT, in the case of *People* v. *Sirger*, 5 N. Y. Crim. R. 1, entertained a motion, and granted it, to set aside an indictment on the ground that the defendant was compelled to testify against himself before the grand jury which found the indictment. In the case of *People* v. *Sellick*, 4 N. Y. Crim. R. 329, an indictment was set aside because attempts had been made to influence the grand jury. The grounds mentioned in these cases are not of those specified in section 313. Both of these decisions were

made subsequent to *People* v. *Petrea,* 92 N. Y. 128, and stand on different principles from those which control the decision in that case. The question presented for our decision is whether a grand jury can find an indictment without full proof of the crime, or where an essential link in the proof is missing.

Prior to the adoption of the Code of Criminal Procedure, the law was settled in this state that the grand jury ought not to find an indictment unless the testimony against the accused, *ex parte* and unexplained, is sufficient to convict, (*People* v. *Hyler,* 2 Park. Crim. R. 570, 10 How. Pr. 567;) and that when it appeared by affidavit that it was found without adequate evidence to support it, the indictment should be quashed, (*People* v. *Restenblatt,* 1 Abb. Pr. 268; *People* v. *Hulbut,* 4 Denio, 133; *People* v. *Briggs,* 60 How. Pr. 29.) The elementary writers concur in this view of the law. 2 Bish. Crim. Proc. (3d Ed.) §§ 8, 65, and cases cited. The Code of Criminal Procedure accords with this statement of the law. Section 258 provides: "The grand jury ought to find an indictment when all the evidence, taken together, is such as in their judgment would, if unexplained or uncontradicted, warrant the conviction by the trial jury." By section 255 the evidence must be such as is given by witnesses produced and sworn before them, or furnished by legal documentary evidence, or by the deposition of witnesses. And by section 256 the grand jury can receive none but legal evidence. The Penal Code provides that a person who after having been convicted under the laws of any other state of a crime which, if committed within this state, would be a felony, commits any crime within this state, is, on conviction, subject to additional imprisonment. In the case at bar the imprisonment would be double. Section 688. The rules of criminal pleading require that the prior conviction be alleged in the indictment to be of any avail, as it is a substantial and component part of the crime. *People* v. *Youngs,* 1 Caines, 37; *Gibson* v. *People,* 5 Hun, 542; *Wood* v *People,* 53 N. Y 511; *Larney* v. *Cleveland,* 34 Ohio St. 599; *Com.* v. *Harrington,* 130 Mass. 35. In the *Harrington Case* the court held that the legislature cannot dispense with these allegations. The indictment is required to set forth the former conviction, and to aver that the defendant was the former convict. *Wood* v. *People,* 53 N. Y. 511, 513, 514; 1 Bish. Crim. Law, (7th Ed.) § 963. On the trial of such an indictment there must be proof of the identity of the defendant as the defendant in the prior conviction. *Hines* v. *State,* 26 Ga. 614; *Rex* v. *Clark,* 6 Cox, Crim. Cas. 210. The grand jury found the pending indictment without any testimony connecting defendant with the Georgia conviction. In doing so they violated the well-settled rules of law. The doctrine that a grand jury may indict without evidence, if tolerated, would establish a precedent subversive of the liberty of the citizen, and his safety and security, and the good name and fame of any innocent person might at any time be blasted. The pending indictment must therefore be quashed and set aside; and as we are required by section 318 of the Code of Criminal Procedure, the defendant being in custody, he must so remain, and the case is remanded to another grand jury.

NOTE BY THE JUDGE. To the same effect, on question of practice of setting aside indictments for grounds other than those specified in section 313 of the Code of Criminal Procedure, are People v. Clements, 5 N. Y. Crim. R. 292; People v. Haines, 1 N. Y. Supp. 55. In People v. White, (Schoharie county, oyer and terminer; April, 1888, EDWARDS, J.,) the facts were these: There were before the grand jury 16 notes, purporting to have been made by different persons, at different times, and for different amounts. It was claimed that those were forgeries. They were all considered together by the grand jury, and the testimony taken as if but one case. White had an associate, one Vanderhoff. At the close of the testimony the foreman said to the grand jury: "Shall we indict White?" They voted but once: "Yes." No particular charge was mentioned. Sixteen indictments were brought in, signed by the foreman. A motion was made to set aside those indictments, and the Petrea Case, 92 N. Y. 128, was cited by the district attorney in opposition thereto. *Held,* that the indictments must be quashed or set aside.