PEOPLE v. VAUGHAN et al.

(Kings County Court. January 6, 1897.)

1. INDICTMENT—DISMISSAL—MOTION OF DEFENDANT.
  An indictment may be dismissed, on defendant's motion, for insufficiency of evidence before the grand jury to sustain it, under Code Cr. Proc. § 671, which gives the court power to dismiss "of its own motion, * * * in furtherance of justice."

2. SAME—RESUBMISSION TO GRAND JURY.
  An indictment should be dismissed where the minutes of the grand jury show that there is no evidence that the crime charged therein was ever committed, but such dismissal should be without prejudice to another submission of the case to the grand jury, where the district attorney claims to have evidence sufficient to warrant a belief that defendant would be convicted, and defendant has been guilty of laches in not challenging the evidence for eight months.

Motion by Harry E. Vaughan and G. W. Holt to set aside an indictment against them. Granted.

Foster L. Backus, Dist. Atty. (Walter O. Miles and Henry S. Davis, of counsel), for the People.

Friend, House & Grossman (Moses H. Grossman and Robert H. Elder, of counsel), for defendant Vaughan.

Herbert T. Ketcham, for defendant Holt.

HURD, J. This action came on for trial, but the district attorney pleaded that he was not prepared, and could not try the same. Thereupon the defendant Vaughan demanded that the indictment be dismissed as against him, for the reason that this court had, in the month of December, set the case for trial peremptorily for January 4th, and had ordered that, in the event that the district attorney should not be ready to proceed, the indictment should be dismissed. On the argument of the motion the court thought that it would be an injustice to the people to summarily dismiss the indictment, and it ordered a short delay. Thereupon the defendants claimed that, as a condition of such delay, they should be allowed to withdraw their pleas of not guilty, and either demur to the indictment or move to dismiss the same; and they obtained leave to do so. Thereupon a motion was made to set aside the indictment, upon the ground that the evidence taken before the grand jury was insufficient, even if it were all assumed to be true, to warrant the finding of an indictment, and putting the defendants to their trial.

At the threshold of the inquiry, a question was made of the power of the court to set aside the indictment for the reasons assigned; and it is said that, as section 313 of the Code of Criminal Procedure confines the motion to the two grounds specified therein, it excludes

the power for any other reasons, and the case of the People v. Petrea, 92 N. Y. 128, was cited as an authority. That case certainly contains language which sustains this contention, but the remark of Judge Andrews has been so often criticised and distinguished as obiter as to lead to very serious doubt as to whether, if the question were presented as it is in this case, the section quoted would be held to exclude the ground of motion presented now. However it may be, there is another section (section 671 of the Criminal Code) providing for the dismissal of an indictment in furtherance of justice; and this section has been held sufficient to warrant such an application as this by a defendant (People v. Brickner, 8 N. Y. Cr. R. 221, 15 N. Y. Supp. 528); and the reasoning in the case cited is so clear, and accords so well with justice, that it ought to be accepted and followed. The Criminal Code (section 258) defines the quantum of evidence required to find an indictment. An indictment without evidence or upon insufficient evidence is invalid. People v. Brickner, supra; People v. Clark, 8 N. Y. Cr. R. 178, 14 N. Y. Supp. 642; People v. Price, 6 N. Y. Cr. R. 143, 2 N. Y. Supp. 414. A copy of the minutes of the grand jury was submitted upon the argument. A most careful reading of the minutes convinces the court that not only is there no evidence connecting the defendant with the crime charged in the indictment, but that there is no evidence at all of any crime having been committed. There was no act, fact, or declaration by either defendant which could be said to be criminal proven before the grand jury. It is therefore the duty of the court to set aside the indictment.

The district attorney strenuously contended that the defendants were guilty of the charge against them, and claimed to have evidence in his possession sufficient to warrant a belief that the defendants would be convicted. The charge was that of "presenting false proof of loss, in support of claim upon policy of insurance." Pen. Code, § 579. The district attorney is the legal adviser of the county, and credit must be given to his assertion. Public policy would dictate that he should not disclose the evidence in his possession, and, however defective the procedure in this case may have been, it would be a public calamity and misfortune that the defendants, if guilty, should escape punishment upon a defect in the proof before the grand jury. It must be borne in mind, too, that this indictment has been pending for nearly eight months, and that this is the first time that the sufficiency of the evidence before the grand jury has been challenged, notwithstanding the fact that a motion for an inspection would have put the defendants in possession of the evidence months ago. It cannot be said, I think, that the defendants are free from laches. Considering, therefore, the lateness of the application, and the seriousness of the charge against the defendants, the dismissal of the indictment is without prejudice to a submission of the case to the grand jury now in session.

An entry will be made upon the minutes accordingly.