(83 Misc. Rep. 455.)

## PEOPLE v. STERN.

(Court of General Sessions, New York County.   December, 1900.)

CRIMINAL LAW—GRAND JURY—INDICTMENT—EVIDENCE—INSUFFICIENCY.

Defendant, a member of the bar, whose name had been given as a reference to the financial responsibility of a certain person, on inquiry said that he considered such person good, that he had recently passed on a good many deals for him, that such person had recently had money left to him, that there was no incumbrance on any of his real estate, and that he would trust such person for a reasonable amount.  He also said: "Why don't you look in Bradstreet's?" He is quoted there, and you can get reliable information;" and added that an attorney's reference was not a very good one, particularly where he was attorney for the one of whom inquiry was made.  *Held* that, there being no proof that the statements of fact made by defendant were false, the evidence was insufficient to warrant the finding of an indictment by the grand jury, under Code Cr. Proc. § 258, providing that indictment should be found where the evidence would warrant a conviction by a trial jury.

Edwin Stern, impleaded, etc., was indicted, and moves to dismiss the indictment.   Motion granted.

Louis Lowenstein, for the motion.

Asa Bird Gardiner, Dist. Atty. (Henry W. Unger, of counsel), opposed.

FOSTER, J.   This is an application made by the defendant, Stern, to dismiss the indictment as against him upon the ground, inter alia, that it was found on evidence insufficient to sustain it.   The indictment was found by the October grand jury, and filed October 26, 1900.   The defendant is a member of the bar, whose name was given as a reference as to the financial responsibility of one Salmon.   Inquiry was then made of the defendant as to Salmon's responsibility, and defendant said (I quote from the stenographer's minutes):

"That he considered Mr. Salmon very good.  That he had been his attorney for some time, and that he had recently passed on a great many land deals for him; and that he had also some money left to him from a relative who had died recently; and that he considered him very good.  He never had any lawsuits, and there was no incumbrance on any of his real estate; and said that he would trust him for any reasonable amount.  I said, 'He gave us you for reference, and gave us also Dun and Bradstreet's.' He said, 'Why don't you look in Bradstreet's and Dun's books?'  Q. Stern suggested to you to look in Bradstreet's?  A. He said: 'Why don't you look in Bradstreet's and Dun's books?  He is quoted in there.  You can get reliable information from these books.'  I said: 'We have looked in Bradstreet's book.  We could not find the name of J. D. Salmon in there.'  He said:  'He is in these books. I have had occasion to look a matter up the other day.   I saw his quotation in there.'  He then said:  'Of course, an attorney's reference is not exactly a very good one; particularly where the attorney is the attorney for the gentleman the inquiry is made about.'  So I thanked him for his information. Q. That Bradstreet's people had seen him?  A. No, sir; he didn't tell me that. He told me that ◀ could go and look in Bradstreet's and Dun's books, and there find this gentleman, James D. Salmon, quoted in there."

And further inquiry from defendant elicited substantially the same statements of fact and opinions from the defendant.

There is nowhere in the minutes of the testimony had before the grand jury a scintilla of proof that the statements of fact made by the defendant Stern were false, nor even a suggestion in the whole

testimony that the opinions expressed by defendant were made by him with intent to deceive. It appears, further, that the alleged subject-matter of the larceny was obtained by a co-defendant, Kornfeld, who had falsely impersonated Salmon. Section 258 of the Code of Criminal Procedure provides that an indictment should be found where the evidence would warrant a conviction by a trial jury, and by implication, not otherwise. A humane interpretation of the law is that the grand jury is forbidden to find an indictment without sufficient legal evidence; that is to say, without legal evidence which proves the crime, so that a trial jury would convict. People v. Molineux, 27 Misc. Rep. 63, 57 N. Y. Supp. 936 (Williams, J.); People v. Brickner (O. & T.) 15 N. Y. Supp. 528 (Rumsey, J.). A careful examination of the entire record shows that there was before the grand jury no legal evidence whatever of the wrongdoing, much less of crime, on the part of the defendant, Stern. The indictment ought never to have been found as against him. It appears, indeed, to have been a careless use, or a flagrant abuse, of its great power by the grand jury. "It is as important to a person that he be fairly accused of crime as that he be fairly and impartially tried therefor." 4 Crim. Law Mag. 171. It is unnecessary, therefore, to consider the other grounds upon which defendant bases his motion. For these reasons, and pursuant to section 671 of the Code of Criminal Procedure, the motion should be granted, and the indictment herein dismissed as against the defendant, Stern.

Motion granted, and indictment dismissed as against defendant, Stern.