Per Curiam.

The prisoner was convicted .at a court of general sessions of the peace, held in and for the city and county of Albany, of a grand larceny.' The record of his conviction is removed into this court, on.which a suggestion is entered that he had heretofore been convicted of a similar offence. On this the public prosecutor has moved for judgment of commitment to the stale prison for life, according to the act in such case made and provided, or that the prisoner take issue on such suggestion. The court, doubting of the regularity of this mode of proceeding, assigned counsel. The point has been. ably argued, and they are now to give their judgment.
From the authorities and precedents that have been laid before us, there can be little doubt, that in England, when a prisoner prays his benefit of clergy, and the question is, whether it hath not been on another occasion extended to him, this is the mode (under the appellation of a counter-plea) that is generally pursued. In cases, however, where the first offence forms an' ingredient in • the second, and *66 becomes a part of it, such first offence is invariably set forth in the indictment for the second.
A similitude is said to exist between the prayer of clergy in England, and a denial of a former conviction with us, and that therefore the same mode of proceeding is equally correct in the one case as in the other. But on strict examination, there will be found to exist no analogy between them, and that we cannot adopt the same mode of proceeding without depriving the prisoner of an important privilege secured to him by statute.
It is true that much inconvenience may, and probably will, arise from this decision. Eew convictions for second offences will be likely to take place: but the remedy [*43] lies not within *our reach. By a statute of this state every person who shall be indicted for an offence, the punishment whereof shall be, on conviction, confinement for life in the state prison, is entitled, when put on his trial, peremptorily to challenge twenty of his jurors. The form of proceeding now contended for would effectually deprive the prisoner of this right. It is no answer , to this objection to say, his right of challenge may, on the trial of this collateral question, be extended to him, even should it be proper to allow it him on such occasions. He is entitled to it when tried for the principal felony, and had he not been deprived of it, might have been acquitted. Another objection, and a strong one, arises from the circumstance of his conviction having taken place before a court of sessions. The statute declaring the powers of justices of sessions expressly prohibits them from trying indictments where the punishment on conviction is confinement for life. Had it appeared, then, from the indictment that he was to be put upon his trial for a second offence, a plea to the jurisdiction would have tied up the hands of such court, and have carried his cause for trial to a tribunal that could have extended to him all his rights.
We are of opinion this court can give no other judgment ;A the case than such as the sessions might have done, *67 which exceeds not the punishment of fourteen years’ confinement.
Sentence for five years.