## UNITED STATES *v.* JONES.[*]

*(Circuit Court, S. D. New York. January 23, 1882.)*

1. CRIMINAL LAW—INFORMATION UNDER SECTION 5480 OF THE REVISED STATUTES—SCHEME TO DEFRAUD.

   The sending through the mail of a letter calculated to induce the purchase of counterfeit money at a low price, for the purpose of putting it off as good money, constitutes an offence such as is created by section 5480, Rev. St., notwithstanding the absence of evidence showing an intention to defraud any particular person.

2. SAME—SAME—CORPUS DELICTI—ADMISSIONS BY DEFENDANT.

   The gist of the offence is the abuse of the mail. The mailing of the letter and the letter itself, showing its unlawful character, constitute the *corpus delicti.* That defendant was the sender, may be proved by his admissions to that effect.

3. SAME—SAME—EVIDENCE AS TO HANDWRITING.

   It is not allowable to permit the jury to inspect a copy of such letter, made by the accused in their presence, for the purpose of comparing the handwriting. To allow this would be to permit the accused to make evidence for himself. Nor can the evidence of an expert, not proven to be acquainted with the handwriting of the accused, be received as to whether such letter and copy were in the same handwriting.

4. SAME—EVIDENCE OF HANDWRITING—STATE STATUTE.

   The statute of a state permitting a comparison of writings for the purpose of determining handwriting, has no effect upon criminal proceedings in the courts of the United States.

Motion for New Trial.

BENEDICT, D. J. The accused was tried upon an information framed under section 5480 of the Revised Statutes. Having been convicted he now moves for a new trial. One ground of the application is that the evidence failed to make out an offence such as is described in section 5480. The evidence was, and the jury under

[*]Reported by S. Nelson White, Esq., of the New York bar.

the charge must have found, that the accused devised a scheme to put counterfeit money in circulation by sending through the mail to one Bates a letter calculated to induce Bates to purchase counterfeit money at a low price, for the purpose of putting it off as good. The evidence further showed, and the jury found, that the accused, in order to carry his said scheme into effect, did place in the post-office at New York city a letter such as described in the information, for the purpose of inducing Bates to purchase counterfeit money at a low price, in order that he might put it off as good money for its face value. This evidence was sufficient to make out an offence such as is created by the statute under which this information was framed, notwithstanding the absence of any evidence to show an intention on the part of the accused to defraud Bates or any other particular person.

The scheme to defraud described in the information may be a scheme to defraud any person upon whom the bad money might be passed, and it is within the scope of the statute, although no particular person had been selected as the subject of its operation. Any scheme, the necessary result of which would be the defrauding of somebody, is a scheme to defraud within the meaning of section 5480, and a scheme to put counterfeit money in circulation is such a scheme.

We are, therefore, of the opinion that the offence charged was proved by the evidence.

Another point taken is that there was no evidence of the *corpus delicti* except the defendant's admission. But the gist of the offence consists in the abuse of the mail. The *corpus delicti* was the mailing of the letter in execution of the unlawful scheme. There was direct evidence of the mailing of the letter by some one, and the letter itself showed its unlawful character. This much being shown, it was certainly competent to prove that the defendant was the sender of the letter by his admission to that effect.

Another point made is that error was committed at the trial by the refusal to permit the jury to inspect a copy of the letter proved to have been mailed, which copy the accused made in the presence of the jury. In this there was no error. It is not allowable, upon an issue as to handwriting, to put in evidence papers, otherwise irrelevant, merely for the purpose of enabling the jury to institute a comparison of the writing. The statute of the state of New York, permitting a comparison of writings for the purpose of determining handwriting, has no effect upon criminal proceedings in the courts of the

United States. In those courts the extent of the rule is to permit the jury to compare writings lawfully in evidence for some other purpose. It has never been permitted to introduce writings for the mere purpose of enabling the jury to institute a comparison of writings. To permit the practice here sought to be established would be to permit the defendant to make evidence for himself.

The last point made is that error was committed in refusing to permit an expert in handwriting to say whether the original letter put in evidence by the government, and the copy of it made by the accused in the presence of the jury, were in the same handwriting. Here was no error. It was not shown that the expert knew the defendant's handwriting, and whether the two letters were in the same handwriting was immaterial, except upon the assumption that because the copy of the letter was made by the defendant it was in his usual handwriting,—an assumption by no means justifiable by the circumstances under which the copy was made.

The motion is accordingly denied.