## BRADY v. UNITED STATES.

Circuit Court of Appeals, Eighth Circuit. January 3, 1928.

No. 7787.

1. Post office ⊜⇒35(2)—Gist of offense of "using mails to defraud" is use of mails and not scheme to defraud (Pen. Code, § 215 [18 USCA § 338]).

Gist of offense of using mails to defraud within Penal Code, § 215 (18 USCA § 338), is use of mails in executing or attempting to execute scheme to defraud and not scheme itself.

2. Conspiracy ⊜⇒23—Crime of conspiracy has two elements, the conspiracy and an act by one or more of parties to effect its object (Pen. Code, § 37 [18 USCA § 88]).

Crime of conspiracy as defined in Penal Code, § 37 (18 USCA § 88), consists of two elements, the conspiracy and an act done by one or more of parties to effect object of conspiracy.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Conspiracy.]

3. **Indictment and information** ⊖⊶10—Indictment for using mails to defraud will be quashed where grand jury returned it without any evidence of use of mails (Pen. Code, § 215 [18 USCA § 338]).

Indictment will be quashed where grand jury returned indictment without any evidence before it of separate, distinct, and essential element of offense, such as use of mails under Penal Code, § 215 (18 USCA § 338), prohibiting use of mails to defraud.

4. **Indictment and information** ⊖⊶10—Indictment for conspiracy will be quashed, where grand jury returned it without any evidence of overt act (Pen. Code, § 37 [18 USCA § 88]).

Indictment will be quashed, where grand jury returned it without any evidence of separate, distinct, and essential element of offense, such as overt act or acts in prosecution for conspiracy to use mails to defraud under Penal Code, § 37 (18 USCA § 88), defining conspiracy.

5. **Indictment and information** ⊖⊶10—Where no competent evidence of offense was presented to grand jury, indictment will be quashed.

Indictment will be quashed where there was either no evidence whatever or no competent evidence of offense charged presented to grand jury.

In Error to the District Court of the United States for the District of Kansas; Merrill E. Otis, Judge.

James E. Brady and another were convicted of using the mails to defraud and of conspiracy to so use them, and they bring error. Reversed and remanded, with instructions.

See, also, 24 F.(2d) 397, 399.

Clyde Taylor, of Kansas City, Mo. (Ernest S. Ellis, of Kansas City, Mo., on the brief), for plaintiffs in error.

Alton H. Skinner, Asst. U. S. Atty., of Topeka, Kan. (Al. F. Williams, U. S. Atty., of Topeka, Kan., on the brief), for the United States.

Before WALTER H. SANBORN and BOOTH, Circuit Judges, and PHILLIPS, District Judge.

PHILLIPS, District Judge. James E. Brady and Arthur J. Baxter, together with certain other persons, were charged by indictment with violations of sections 215 and 37 of the Penal Code (USCA tit. 18, §§ 338 and 88). The indictment contained sixty-six counts. The first sixty-five counts charged violations of section 215, and the sixty-sixth count charged a violation of section 37 of the Penal Code. Brady and Baxter were tried jointly. Brady was found guilty on counts 1 to 38, inclusive, counts 41 and 42, counts 44 to 52, inclusive, and counts 54 to 66, inclusive. Baxter was found guilty on counts 11 to 38, inclusive, counts 41 and 42, counts 44 to 52, inclusive, and counts 54 to 66, inclusive. Brady was sentenced to imprisonment in the penitentiary as follows: On the first count, five years; on the second count, five years, to begin at the expiration of the sentence of imprisonment imposed on the first count; on the third count, five years, to begin at the expiration of the sentence of imprisonment imposed on the second count; on the sixty-sixth count, two years, to begin at the expiration of the sentence of imprisonment imposed on the third count; and on the remaining counts, five years each, to run concurrently with the sentence of imprisonment imposed on the first count. Baxter was sentenced to imprisonment in the penitentiary as follows: On the eleventh count, five years; on the sixty-sixth count, two years, to begin at the expiration of the sentence of imprisonment imposed on the eleventh count; on each of the remaining counts, five years, to run concurrently with the sentence of imprisonment imposed on the eleventh count.

Count 1 of the indictment alleged that the defendants devised a scheme and artifice to defraud. It then set out the particulars of such scheme. It then alleged that the defendants, in the execution of such scheme, did deposit and cause to be deposited in the United States post office at Kansas City, Mo., a certain letter inclosed in a sealed envelope duly stamped, intending that such letter should be sent and delivered, and which such letter was, in fact, delivered through the post office establishment to the Vernon State Bank at Vernon, Kan. It then set up the letter and the return directions, stamp and address on the envelope. The address on the envelope was as follows: "Vernon State Bank, Vernon, Kansas."

Counts 2 to 65, inclusive, are substantially the same as the first count, except they allege the mailing and delivery of different letters.

The conspiracy count, after alleging the conspiracy, set up as overt acts the use of the mails in the execution of the scheme to defraud alleged in counts 1 to 65, inclusive.

Brady and Baxter filed a motion to quash the indictment, setting up, among other grounds, that there was no competent evidence before the grand jury of the offenses charged.

On the hearing of the motion to quash, counsel for defendants Brady and Baxter undertook to prove that there was no evidence whatever before the grand jury showing that the defendants used the mails in executing

or attempting to execute the scheme to defraud. At the hearing, the following occurred:

"The Court: Well, the court has already ruled, but for the sake of the present record will repeat his ruling, that upon this inquiry the only matters concerning which the court will hear testimony, or the only allegations concerning which he will hear testimony, are that no testimony of any kind was offered to the grand jury, or that the only witnesses who testified before the grand jury were not in law competent witnesses.

\* \* \* \* \* \* \*

"Mr. Krauthoff: We desire to note an exception to the ruling of the court and to inquire for our own guidance whether the court intimates that we cannot prove that there was no evidence as to some material link in the chain of evidence necessary to sustain the indictment.

"The Court: Yes; that is a very clear inquiry, and my answer will be equally clear. I think you cannot offer testimony to show that as to some particular link there was no testimony before the grand jury. That is my view of the law, and I think that view is shared by the better considered decisions of the appellate court.

"Mr. Krauthoff: You mean we would not be permitted to prove that there was no proof that the letters were mailed?

"The Court: I do mean that, Mr. Krauthoff.

"Mr. Krauthoff: Or there was no proof that they were signed by the parties against whom they were offered?

"The Court: When I answered your general question, I certainly answered your specific questions.

"Mr. Krauthoff: We note exceptions to the rulings of the court.

\* \* \* \* \* \* \*

"Mr. Krauthoff: And now, to make our record clear, we offer to prove by the witness on the stand and by others we have here, that there was no evidence offered before the grand jury that the letters had been mailed, nor that they were written by any of the parties to the suit.

"The Court: You object to the offer, Mr. Skinner?

"Mr. Skinner: We object to the offer as not within the scope of the inquiry which is now being conducted, nor within the scope of the court to hear, and determine, and pass upon.

"The Court: The objection is sustained.

"Mr. Krauthoff: To which we except."

[1] The gist of the offense under section 215,

supra, upon which counts 1 to 65, inclusive, are based, is the use of the mails in executing or attempting to execute the scheme to defraud, and not the scheme itself. Mounday v. U. S. (C. C. A. 8) 225 F. 965, 968; Horn v. U. S. (C. C. A. 8) 182 F. 721, 727; Redmond v. U. S (C. C. A. 1) 8 F.(2d) 24, 28; Olsen v. U. S. (C. C. A. 2) 287 F. 85, 89; U. S. v. Jones (C. C. N. Y.) 10 F. 469, 470.

In Mounday v. U. S., supra, the court said:

"It has been the uniform holding of the courts that the gist of the offense is the use of the post office in the execution of the scheme to defraud and not the scheme itself."

[2] The crime of conspiracy as defined in section 37 of the Penal Code is made up of two elements: (1) The conspiracy; and (2) an act done by one or more of the parties to effect the object of the conspiracy. U. S. v. Rabinowich, 238 U. S. 78, 86, 35 S. Ct. 682, 59 L. Ed. 1211; Hyde v. U. S., 225 U. S. 347, 357-359, 32 S. Ct. 793, 56 L. Ed. 1114, Ann. Cas. 1914A, 614; Ryan v. U. S. (C. C. A. 7) 216 F. 13, 32, 33; 12 C. J. p. 550, § 14.

[3] From the foregoing, it appears that the defendants were denied the right to show in support of their motion to quash that there was no evidence whatever before the grand jury of the acts and things which constituted the gist of the offenses charged in counts 1 to 65, inclusive, and of the overt acts charged in count 66.

The authorities are not in harmony on the question here presented. In 31 C. J. p. 808, § 385, it is said:

"It is generally held that an indictment will not be quashed or set aside on the ground of insufficiency of evidence where it appears that some witnesses were examined by the grand jury, or that the grand jury had before it some documentary evidence, unless the evidence before the grand jury appears to have been palpably insufficient. Indeed in some decisions the rule is announced that the courts can make no inquiry whatever into the sufficiency of the evidence passed upon by the grand jury. According to others, however, where it is made to appear by competent testimony that the indictment is unsupported by any evidence whatever, or is supported only by evidence clearly incompetent and which would not be admissible at the trial, or when there is wanting an essential link in the proof of the charge, it will be quashed, dismissed, or set aside on motion."

[4, 5] It is the settled law of this circuit, we think, that an indictment will be quashed, where there was either no evidence whatever,

or no competent evidence of the offense charged, presented to the grand jury. Nanfito v. U. S. (C. C. A. 8) 20 F.(2d) 376, 378; Murdick v. U. S. (C. C. A. 8) 15 F.(2d) 965, 967; Anderson v. U. S. (C. C. A. 8) 273 F. 20, 29; McKinney v. U. S. (C. C. A. 8) 199 F. 25, 33. We think the same rule should be applied where a grand jury returns an indictment without any evidence whatever before it of a separate, distinct, and essential element of the offense, such as the use of the mails under section 215, and the overt act or acts under section 37. See People v. Price, 6 N. Y. Cr. R. 141, 2 N. Y. S. 414, 416; Id., 119 N. Y. 650, 23 N. E. 1149; People v. Fishman, 118 Misc. Rep. 738, 194 N. Y. S. 887.

In People v. Price, supra, the court said: "The question presented for our decision is whether a grand jury can find an indictment without full proof of the crime, or where an essential link in the proof is missing. * * *

"The Penal Code provides that a person who, after having been convicted under the laws of any other state of a crime which, if committed within this state, would be a felony, commits any crime within this state, is, on conviction, subject to additional imprisonment. In the case at bar the imprisonment would be double. Section 688. The rules of criminal pleading require that the prior conviction be alleged in the indictment to be of any avail, as it is a substantial and component part of the crime. People v. Youngs, 1 Caines, 37; Gibson v. People, 5 Hun. 542; Wood v. People, 53 N. Y. 511; Larney v. Cleveland, 34 Ohio St. 599; Com. v. Harrington, 130 Mass. 35. In the Harrington Case the court held that the Legislature cannot dispense with these allegations. The indictment is required to set forth the former conviction, and to aver that the defendant was the former convict. Wood v. People, 53 N. Y. 511, 513, 514; 1 Bish. Crim. Law (7th Ed.) § 963. On the trial of such an indictment there must be proof of the identity of the defendant as the defendant in the prior conviction. Hines v. State, 26 Ga. 614; Rex v. Clark, 6 Cox, Crim. Cas. 210. The grand jury found the pending indictment without any testimony connecting defendant with the Georgia conviction. In doing so they violated the well-settled rules of law. The doctrine that a grand jury may indict without evidence, if tolerated, would establish a precedent subversive of the liberty of the citizen, and his safety and security, and the good name and fame of any innocent person might at any time be blasted."

We conclude that the court erred in overruling the offer of proof above set out.

Counsel for defendants Brady and Baxter also contend that the offenses charged in counts 1 to 65, inclusive, of the indictment are identical with the offense charged in count 66, and that the prosecution, conviction, and sentence of defendants upon the several counts of the indictment as above set out, put them twice in jeopardy for the same offense and violated the rights guaranteed to them by the Fifth Amendment to the Constitution of the United States. This same question was before this court in the case of Brady v. U. S., No. 7786, 24 F.(2d) 399 (opinion filed January 3, 1928), upon a record and state of facts substantially the same as that presented in the instant case, and what we said in that opinion equally applies here.

We have examined the other assignments of error, and conclude that they are without merit.

For the reasons above stated, the judgments of conviction as to each defendant are reversed, and the cause is remanded, with instructions to grant the defendants new trials.