THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* HENRY BAUMER, Defendant.

THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* ROBERT BUGMAN, Defendant.

Supreme Court, Erie County, March 6, 1930.

*Leo J. Hagerty, Assistant District Attorney,* for the plaintiff.

*William H. Gorman,* for the defendant Henry Baumer.

*Thomas F. Myers,* for the defendant Robert Bugman.

HINKLEY, J.   These are two separate motions to dismiss the indictment in each of the above-entitled actions.

This court has verified the statements made in the affidavits presented upon these motions by a careful examination of the minutes of the grand jury.   The following facts are without dispute:

A grand jury of Erie county was acting upon a specific charge of burglary, third degree, against two men, Spellman and Monroe. Certain of the proceeds of the burglary came into the possession of the above-named defendants.   These defendants were subpœnaed to testify before the grand jury in its investigation of the charge against the two burglars.   These defendants were compelled to testify; they did not waive immunity; they were not informed of their right to refuse to testify to any question that might tend to incriminate them; and save for the testimony of police officers, indictments against these defendants were based upon their own testimony before the grand jury.

The testimony of these defendants aided materially in the prosecution of the burglars.   There is no criticism of the police nor the district attorney in availing themselves of that testimony. The grand jury, upon the defendants' testimony and the other evidence presented to it, could very properly have indicted the defendants for the crime of criminally receiving stolen property had there been no invasion of defendants' constitutional rights. The fact remains that the original charge against the burglars was interrelated and interwoven with the later charge of criminally receiving stolen property against these defendants so as almost to constitute one transaction.   The most obscure desk sergeant

of police is trained to protect a person charged with a crime against an involuntary admission or confession gained by threat or fear, and the duty of district attorneys is defined by statute (Code Crim. Proc. § 395). The courts jealously guard the rights of a person charged with crime at all times. There is no reason why his rights should not be carefully guarded when, as an involuntary witness before the grand jury, he had neither the aid of skilled counsel nor the impartial guardianship of an experienced judge.

Sometimes distinction is made in this State between the testimony of the man accused of a crime and that of a witness subpoenaed upon a general investigation. Distinction is also made between the right of a grand jury to found an indictment upon testimony other than that of the defendant and the using of the defendant's testimony as a basis for the indictment.

However, the following broad statement of the principle of immunity from prosecution of a witness remains unchanged: " ' It is broadly contended on the part of the appellee that a witness is not entitled to plead the privilege of silence except in a criminal case against himself, but such is not the language of the Constitution. Its provision is that no person shall be compelled *in any* criminal case to be a witness against himself. This provision must have a broad construction in favor of the right which it was intended to secure.' " (*People ex rel. Lewisohn* v. *O'Brien*, 176 N. Y. 253, 262.)

The nearest case in point is the case of *People ex rel. Hummel* v. *Davy* (105 App. Div. 598). In that case three of the five judges held that the indictments should have been dismissed for the reasons urged by the defendants herein.

Orders may be entered dismissing the indictments in the above-entitled actions.