THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* SOL S. RAUCH, Defendant.

Court of General Sessions, New York County, June 26, 1931.

*Thomas C. T. Crain, District Attorney [Louis J. Capazolli, Assistant District Attorney,* of counsel], for the plaintiff.

*Millard H. Ellison,* for the defendant.

FRESCHI, J.   A dismissal of the indictment is sought here because the defendant was compelled to be a witness and testify against himself before the grand jury which indicted him for the crime of grand larceny in the second degree and criminally receiving stolen property, in violation of his constitutional rights under article 1, section 6, of the Constitution of the State of New York.   The only other ground urged is that the evidence before the grand jury is insufficient.

The defendant was a dealer engaged in buying and selling second-hand store specialties under a license issued by the city of New York, permitting him to engage in such business.   For a period of two and one-half years one Sylvester Thomas did odd jobs for the defendant on refrigerators; and on February 25, 1931, Thomas sold him two second-hand compressors operated by electricity for seventy-five dollars which now appear to have been stolen by Thomas.   These are the subjects of this action.   Record of such purchase by defendant was kept by him as required by law.   One of these, defendant kept on public display in his store.   Detectives of the police force came to defendant's establishment, following an

inspection of the compressors, at which time defendant produced a bill of sale for them from Thomas. After a conversation with defendant about the manner in which he procured the compressors, he was served with a subpœna directing the defendant to appear as a witness before the grand jury, where he attended and was examined without being previously warned as to his rights and without having signed a waiver of immunity. It now appears that he was questioned by the grand jury about his business transactions with Thomas and the circumstances under which he acquired such compressors. Clearly, the minutes show that when he was recalled by the grand jury he was under investigation for this crime.

On March 16, 1931, the defendant was arrested and indicted for the crimes above mentioned.

The defendant avers that he had no knowledge that the proceedings in which he testified before the grand jury were directed against him. On the back of the indictment, however, is indorsed the name of this defendant as one of the witnesses on whose testimony the indictment was found. And an examination of the transcript of the grand jury minutes, furnished and submitted on the argument of this motion, discloses that his testimony was given in a criminal action entitled: " The People of the State of New York against Sol S. Rauch."

. The opposing affidavits by Assistant District Attorney Morris H. Panger and William H. Russel, the official stenographer in attendance before the regular grand jury, submitted in opposition to this motion, state, substantially, that the case in which defendant was examined as a witness is that of the People against Sylvester Thomas, and that Sol S. Rauch was examined by the grand jury therein and not in any case against Rauch. Nevertheless, both of said affiants admit that there was but one examination by the grand jury and subsequently the same grand jury " ordered a bill drawn charging Sol S. Rauch with receiving stolen property." At this point it might be well to note that the minutes furnished upon which this motion is made were furnished pursuant to an order of this court by Judge KOENIG granting defendant's motion made in People v. Rauch for an inspection of the grand jury minutes. The minutes furnished by the stenographer were the minutes of that case.

The learned district attorney submits in opposition to this motion the authority of *People* v. *Bermel* (71 Misc. 357), holding that " if the person testifying is a mere witness, he must claim his privilege on the ground that his answers will incriminate him, whereas, if he be in fact the party proceeded against, he cannot be subpœned and sworn even though he claim no privilege." That case must be

read in the light of the facts and the official stenographic grand jury record now before me showing that whatever testimony Rauch gave was in an action wherein he appears to be named as the only defendant.

*People* v. *Gillette* (126 App. Div. 665) is controlling here. The learned Appellate Division (at pp. 668 and 669) in that case said: " Being called as a witness where the examination is directed against the acts of others is radically different from being called as a witness where the proceeding is directed against the witness himself. In the one case there is no power to administer the oath, while in the other the oath may be properly administered so that if the privilege be claimed, it may be done, as already said, under the sanction of an oath. *But even in the case of a witness thus subpœnaed, if his testimony results in proving a crime against himself, an indictment cannot be predicated thereon."* (See, also, on the same point, *People* v. *Cahill,* 193 N. Y. 232; *U. S.* v. *Edgerton,* 80 Fed. 374; *People* v. *Bermel,* 71 Misc. 357, and cases cited therein.) The grand jury may hear a defendant. (See Code Crim. Proc. § 257; but see *People* v. *Singer,* 5 N. Y. Crim. Rep. 1.) Rauch, this defendant, appeared and testified under subpœna before the grand jury that indicted him. To that extent his attendance was compulsory. The prosecutor avers that this subpœna was entitled in a case designating Sylvester Thomas as the defendant; but it is clear that the party in fact proceeded against was Sol S. Rauch, this defendant. The law expressly prohibits the introduction of illegal evidence before a grand jury. (*People* v. *Goldenberg,* 110 Misc. 556, 564.) Only such as is admissible at a trial can legally be received and considered. (*People* v. *Sellick,* 4 N. Y. Crim. Rep. 329; *People* v. *Briggs,* 60 How. Pr. 17; *Boyd* v. *U. S.,* 116 U. S. 616; *Entick* v. *Carrington,* 19 How. St. Tr. 1029.) The constitutional privilege and immunity of self-accusation is considered in *People* v. *Riley* (129 Misc. 373) and *People* v. *Cummins* (153 App. Div. 93, 96). (See, also, 27 A. L. R. 148, 149.) The Court of Appeals has pronounced its condemnation of the practice of using a defendant to incriminate himself in *People* v. *Ferola* (215 N. Y. 285, 289). This invalidates the indictment.

I am satisfied that the grand jury received herein evidence illegally against this defendant which constitutes a clear invasion of his constitutional rights. (See *People* v. *Sexton,* 187 N. Y. 495, 511.)

Aside from the defendant's testimony, the grand jury had the testimony of Louis Ennis and Chester McVey and that of the owner of the compressors in question. Ennis testified that he and Sylvester Thomas took the two machines and McVey testified that

he saw Thomas go into the basement where the two compressors were operating and that afterwards he and another man removed them. The witness Thompson stated that the company for which he was service manager had installed the said compressors in 12 West Sixtieth street and that they remained the property of the Anheiser-Busch Company. Subsequently he identified the machines at the premises of this defendant. Although not an expert, this witness testified to the value of the compressors as about $350. This is hardly competent. (See *People* v. *Fishman*, 118 Misc. 738.) He added that the identifying number plate had been removed. Detective Butler gave testimony that in the course of his investigation he discovered the machines in Rauch's place of business and found that this defendant had made proper entries in his books of the purchase, and had a slip of paper on which the signature of the person selling him such compressors had been signed. There is no evidence showing the defendant directly or indirectly had been connected with or participated in the larceny; and the only attempt to show him guilty of the crime charged is to be found on the theory involved in the recent possession of stolen property. The rule in such case is stated by the learned chief judge of the Court of Appeals in *People* v. *Galbo* (218 N. Y. 283, 290).

The defendant here gave the police officer full information in regard to the circumstances attending the purchase of the two machines mentioned in this indictment; furnished the name of the person from whom he purchased the compressors; delivered the bill of sale received from Thomas and produced the voucher showing the amount of the purchase price actually paid. Whether or not there is competent evidence to show that the defendant had guilty knowledge that the compressors were stolen, it is unnecessary now to decide.

Motion granted, indictment dismissed and defendant discharged for reasons above stated.