to stipulation, appeal by appellant-respondent withdrawn, without costs. Present — Wenzel, Acting P. J., Beldock, Murphy, Ughetta and Kleinfeld, JJ.

■ In the Matter of ELLIOTT H. NEWCOMB, on Behalf of Himself and All Others Similarly Situated, Respondent, against R. FRED TALENTO, as City Clerk of the City of Rye, et al., Appellants.— Appeal from so much of an order dismissing the petition as granted leave to serve an amended petition. Order insofar as appealed from affirmed, without costs. No opinion. Wenzel, Acting P. J., Beldock, Murphy, Ughetta and Kleinfeld, JJ., concur.

■ In the Matter of ELLIOTT H. NEWCOMB, on Behalf of Himself and All Others Similarly Situated, Respondent, against R. FRED TALENTO, as City Clerk of the City of Rye, et al., Appellants.— Order unanimously affirmed, without costs. No opinion. Present — Wenzel, Acting P. J., Beldock, Murphy, Ughetta and Kleinfeld, JJ.

## (October 27, 1958)

■ THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, v. ALBERT FREISTADT, J. MILFORD KIRKUP, JR., IRVING GARFINKLE and WILLIAM EGELMAN, Defendants. (Indictment No. 7256.) THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, v. ALBERT FREISTADT, IRVING GARFINKLE and WILLIAM EGELMAN, Defendants. (Indictment No. 7257.) THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, v. J. MILFORD KIRKUP, JR., ALBERT FREISTADT, IRVING GARFINKLE and WILLIAM EGELMAN, Defendants. (Indictment No. 7258.)— Motion by defendants Garfinkle and Egelman to dismiss, as to them, indictments numbered 7256, 7257 and 7258 returned by the Grand Jury of the Extraordinary Trial and Special Term of the Supreme Court of Suffolk County on the ground that said indictments were obtained in violation of defendants' rights (Code Crim. Pro., § 10; N. Y. Const., art. I, § 6; U. S. Const., 5th Amdt., 14th Amdt.). Motion granted, indictments dismissed and bail exonerated; the special assistant attorney-general is directed to resubmit the charges against said defendants to the Grand Jury before which the said defendants shall not be subpœnaed and examined. The moving defendants were subpœnaed and testified before the Grand Jury as to transactions which became the basis of the indictments against them. The testimony was taken without warning as to self incrimination, without immunity from prosecution, and without express waiver of immunity. The prosecutor did not consider the moving defendants to be prospective defendants, but the nature and extent of the questioning, coupled with the prior evidence adduced at the investigation, indicated that the moving defendants were being placed in the position of prospective defendants. Neither section 2447 of the Penal Law nor *People* v. *De Feo* (308 N. Y. 595) supports the argument that the moving defendants, being ordinary witnesses as distinguished from prospective defendants, were required to assert the privilege against self incrimination and not having done so are deemed to have waived it. (See *People* v. *Baumer*, 136 Misc. 17.) Present — Nolan, P. J., Murphy, Ughetta, Hallinan and Kleinfeld, JJ.

■ JOSEPH B. ABRAHAMS, Respondent, v. HAROLD H. HUSTIS et al., as Executors of SAMUEL HUSTIS, Deceased, Appellants.— In an action to recover damages for personal injuries, the appeal is from so much of an order as granted a motion for leave to serve an amended complaint. Order modified by striking from the first ordering paragraph the word "granted" and by substituting therefor the word "denied". As so modified, order, insofar as appealed from, affirmed, with $10 costs and disbursements to appellants. The original complaint specified as the grounds of negligence that the testator