The People of the State of New York ex rel. Vincent Astor Williams, Appellant, *v.* J. Edwin La Vallee, as Warden of Clinton Prison, Respondent.

Third Department, November 30, 1962.

*Vincent Astor Williams,* appellant in person.

*Robert J. McKeegan, District Attorney,* for respondent.

*Per Curiam.* Relator was convicted after a trial in the County Court of Delaware County in June, 1957 on three separate charges of kidnapping, two charges of robbery, first degree, and criminally carrying a loaded pistol. By habeas corpus he challenges the jurisdiction of the County Court to try the charges of kidnapping on the ground that kidnapping is a crime which may be punishable by death (Penal Law, § 1250) and under subdivision 2 of section 39 of the Code of Criminal Procedure as it read in 1957 the Delaware County Court did not have jurisdiction to try capital cases.

The application for the writ having been " denied on the merits " by the Justice to whom it was presented, relator appeals; and we treat the case as though the writ had been allowed, served, returned and overruled on the question of law presented, which we consider as being before us on appeal.

The statute governing kidnapping provides that the case is not one for capital punishment " if the kidnapped person be released and returned alive prior to the opening of the trial " (Penal Law, § 1250). If, therefore, at the opening of the trial the victims here involved had been released from the kidnapper's control and were alive, the court had jurisdiction to try the charges made in the indictments.

The appellant concedes in his brief, as does respondent, that the victims of this kidnapping were released alive; he attaches

a transcript to his brief showing they testified against him on the trial.

It is clear, therefore, that the death penalty could not have been imposed as the case stood at the opening of the trial and that the County Court had jurisdiction. In testing the authority of a court of limited jurisdiction the record becomes controlling and facts necessary to give it jurisdiction must appear in the record (*People ex rel. Dold* v. *Martin,* 284 App. Div. 127, 131).

The problem was dealt with collaterally, but consistently with jurisdiction by this court in *Matter of Grossman* (261 App. Div. 1112, motion for reargument denied 262 App. Div. 977, motion for leave to appeal denied 287 N. Y. 854). See, also, on the question of courts of limited jurisdiction generally *People* v. *Youngs* (1 Caines 37, 40); *Myers* v. *People* (14 Hun 416).

The order should be affirmed, without costs.

BERGAN, P. J., COON, GIBSON, HERLIHY and REYNOLDS, JJ., concur.

Order affirmed, without costs.