J. Irwin Shapiro, J.
This is a motion by the defendant Celeste Werkes for an order “ directing the District Attorney of the County of Queens to permit the defendant or his representatives to inspect the minutes of the Grand Jury of this County * * * or in the alternative for the granting of an Order permitting the Justice of this Court to inspect the said Grand Jury minutes and/or in the alternative to dismiss the charges set forth in the information.”
The defendant was arrested and charged with assaulting one Craymond Bell. As a result of the same incident, Craymond Bell was arrested and charged with an assault on Werkes. Both defendants were respectively held for the action of the Grand Jury.
Upon the evidence presented to it the Grand Jury made recommendations that both Bell and Werkes be prosecuted by information. The finding of the Grand Jury in the case of Werkes reads: “ The grand jury has not found an indictment as charged but directs prosecution in the Criminal Court of the City of New York for: Assault Third Degree ”.
This recommendation contained in the finding returned by the Grand Jury against Werkes was approved and prosecution accordingly was directed.
An information was thereafter filed in the Criminal Court of the City of New York charging Werkes with the crime of assault in the third degree. Werkes contends “ that the said information and/or charges are contrary to law and fact, illegal and invalid and that the same was not founded upon sufficient, credible evidence, and in violation of the defendant’s guarantees under the Federal Constitution. ’ ’
Undenied by the District Attorney are the allegations by Werkes that Bell did not testify before the Grand Jury; and that he (Werkes), pursuant to a subpoena issued by the District Attorney, appeared before the Grand Jury, and testified with regard to the fracas between him and Craymond Bell. He now contends that in this manner his own testimony was used against him by the Grand Jury in its finding against him “ without his being advised of his constitutional rights against self-incrimination ”.
The issues on this motion are: (1) did the defendant testify before the Grand Jury by virtue of testimonial compulsion and *1022 (2), if he did, were his constitutional rights against self incrimination violated thereby,
A defendant on his own volition may appear and testify as a matter of right before a Grand Jury in his own behalf but only if he executes; acknowledges, and files with the County Clerk a waiver of immunity and serves a copy thereof on the District Attorney. (Code Grim. Pro., § 250, subd. 2). By such an appearance he expressly waives his immunity or privilege against self incrimination and his testimony may thereafter be used against him in a criminal prosecution. Here, however, Werkes did not appear of his own volition but pursuant to subpoena, and a reading of the Grand Jury minutes reveals that the case of Bell v. Werkes and the case of Werkes v. Bell were presented together as cross complaints. Thus Werkes, in effect, was not only testifying in the prosecution against Bell but in the prosecution against himself as well.
The Federal provision against self incrimination (U. S. Const., 5th Arndt.) is mirrored in section 6 of article I of the New York State Constitution. Both contain the same language and insofar as material state that, “ nor shall he be compelled in any criminal case to be a witness against himself (Emphasis supplied.)
There are two views on the subject of whether testimony given in response to a subpoena constitutes testimonial compulsion. The Federal view, which is followed in a majority of the States, holds that a subpoena is not per se compulsion (United States v. Kimball, 117 F. 156 [2d Cir. 1902]). In that case the defendant was subpoenaed and testified before the Grand Jury without claiming immunity. The Grand Jury indicted him principally on his own testimony. The court nevertheless held that since he testified ‘ ‘ voluntarily ’ ’, that is without claiming immunity, his constitutional rights were not infringed.
The minority view, which counts New York among its number, is that the mere service of a subpoena followed by the giving of testimony is compulsion per se. (People v. Gillette, 126 App. Div. 665.)
Gillette is a landmark case on the subject of testimonial compulsion and has been repeatedly cited with approval. In People v. Laino (10 N Y 2d 161, 171), which also approvingly cited Gillette, the court said: “In such a case the subpoena is deemed to be a form of compulsion, and the testimony thus compelled may not be used against the defendant as the basis of an indictment, or for any other purpose. This interpretation of our State constitutional privilege against self incrimination is well established and is no longer open to question. (N. Y. Const., art. I, § 6; People v. Steuding, supra; People v. De Feo, supra; People v. *1023 Ferola, 215 N. Y. 285; People v. Freistadt, 6 A D 2d 1053, supra; People v. Gillette, 126 App. Div. 665, 668; People v. Seaman, 174 Misc. 792; People v. Rauch, 140 Misc. 691; People v. Baumer, 136 Misc. 17; People v. Bermel, 71 Misc. 356.) ” From the authorities cited it necessarily follows that when the District Attorney saw fit to present the two cases jointly before the Grand Jury and secured Werkes’ testimony thereat pursuant to subpoena he put himself in a position where Werkes’ testimony could not be used as a basis for a charge against Werkes.
The next question is whether the Grand Jury finding may stand if there is sufficient additional untainted evidence against Werkes separate and apart from his own testimony. People v. Steuding (6NY 2d 214, 217) supplies the answer for we there find that, ‘1 A violation of the constitutional privilege carries with it a dismissal of the indictment returned by the Grand Jury before which the defendant testified. ’’ Because ‘ ‘ a prospective defendant or one who is a target of an investigation may not be called and examined before a Grand Jury and, if he is, his constitutionally-conferred privilege against self incrimination is deemed violated even though he does not claim or assert the privilege. (See, e.g., People v. De Feo, 308 N. Y. 595, 603; People v. Ferola, 215 N. Y. 285, 289-290; People v. Gillette, 126 App. Div. 665, 667 et seq.; People v. Bermel, 71 Misc. 356, 359 et seq.) ” (pp. 216, 217.)
The constitutional prohibition against compelling a person to be a witness against himself is a matter of substance, an indigenous part of our way of life and which, though often abused, rests on a solid foundation of just dealing between the State, as the accuser, and the individual, as the accused. It should not be whittled away, or emasculated, by refined judicial construction. When Werkes responded to the subpoena he had a right to believe that his testimony was to be used against Bell and not as the basis of a criminal proceeding against him. Under the circumstances the finding returned against him by the Grand Jury must be set aside and the order which directed prosecution thereon must be and is hereby vacated.
The District Attorney may, if he sees fit, re-present the charge against Werkes to the Grand Jury — without of course using Werkes’ testimony or any leads obtained therefrom — because the immunity obtained by Werkes by reason of the testimonial compulsion of the subpoena used to bring him before the Grand Jury “ is a different thing entirely from complete immunity, and reindictment is possible if sufficient evidence, independent of the evidence, links, or leads furnished by the prospective defendant, is adduced to support it (People v. Freistadt, supra; People ex *1024 rel. Coyle v. Truesdell, 259 App. Div. 282, 285, supra; People v. Bermel, 71 Misc. 356, supra; People v. Singer, 18 Abb. N. C. 96; People v. De Feo, 284 App. Div. 622, 626, revd. on other grounds 308 N. Y. 595, supra; see, also, Matter of Ryan v. Supreme Ct., 7 N Y 2d 989, and People v. Ryan, 11 A D 2d 155, upholding reindictment of defendant involved in People v. Steuding, supra, and People v. Ryan, 12 A D 2d 841, affg. conviction, upon reindictment, of defendant in People v. Steuding).” (People v. Laino, 10 N Y 2d 161,173.)
The motion is granted to the extent of vacating the order of this court made on the 23rd day of March, 1965, and the finding of the Grand Jury directing prosecution of Werkes in the Criminal Court of the City of New York is set aside.